ROXIE A. PEARSALL v. THE BOARD OF SUPERVISORS OF EATON COUNTY.

[See 71 Mich. 438.]

*Board of supervisors—Discontinuance of State road—Taking of private property—Damages.*

1. In this case the proceedings of the board of supervisors of Eaton county, discontinuing a portion of a State road, are quashed, for want of notice to an adjoining land-owner, and the ascertainment by a constitutional jury of her damages, and the payment of the same.

2. The following propositions are summarized from the opinion of Chief Justice SHERWOOD:

    *a*—The *benefits* to be received by a person whose land is taken by the public for a road are a part of the consideration for the

release of the land, or its condemnation for that purpose, and when once vested in him, or he becomes entitled thereto, are as much his property as the land itself, and neither the State nor any of its subordinate agencies can deprive him of them without notice, a finding of public necessity, and compensation ascertained by a constitutional jury.

b—The term "taking" should not be used in an unreasonable or narrow sense. It should not be limited to the absolute conversion of property, and applied to land only, but should include cases where the value is destroyed by the action of the government, or serious injury is inflicted to the property itself, or the owner is excluded from its enjoyment, or from any of its appurtenances.

c—If the public take any action which becomes necessary to subserve public use, and valuable rights of an individual are thereby interfered with, and damaged or destroyed, he is entitled to the compensation which the Constitution gives therefor, and such damage or destruction must be regarded as a "taking."

*Certiorari* to board of supervisors of Eaton county to review its action in discontinuing a State road. Argued April 4, 1889. Proceedings quashed April 19, 1889. The facts are stated in the opinion.

*Alexander & Patterson,* for petitioner.

*Huggett & Smith,* for respondent.

SHERWOOD, C. J. The object of this suit is to reverse the action of the board of supervisors in discontinuing a highway known as the "Allegan and Lansing State Road."

Mrs. Pearsall, the petitioner, owns 80 acres of land in the township of Delta, in the county of Eaton, and which constitutes her farm, upon which she resides and carries on farming. Her house and other buildings are located on the said State road, the house being on one side of the road, and the barn upon the other, and the road runs diagonally across the north end of the 80 acres in a south-westerly direction. Mrs. Pearsall states in her

petition for the writ that the road sought to be discontinued by the board of supervisors has been located and used where it now runs for more than 40 years, and its discontinuance will deprive her of access to any highway; that her orchard and other improvements about her home upon the farm have been made near said road; and that its discontinuance will greatly inconvenience her in working the farm, and lessen the value of her property; and she asks a review of the proceedings of the board of supervisors by which the discontinuance now claimed has been effected.

Similar action was taken by the board of supervisors last year, and brought under review before this Court at its last October term, and the proceedings were quashed. See 71 Mich. 438 (39 N. W. Rep. 578). The constitutional question was not then considered. In this case the proceeding seems to have been renewed in substantially the same form and manner as before. The constitutional objection, however, to the action of the board is the only one argued and now relied on for reversal. It is not pretended but that Mrs. Pearsall has acquired valuable rights in the location and use of the road where it now runs, and that her property will be considerably lessened in value if the road is discontinued. It is claimed by Mrs. Pearsall that she had no notice of the intention of the board to take any action in the premises, or that the subject was before it for consideration, until after the resolution had been passed by the board discontinuing the road. Counsel for Mrs. Pearsall claim that she was entitled to such notice, and should have been allowed the privilege of a hearing upon the subject, and that she should have been allowed the damages she sustained in taking away her property, and the ascertainment thereof by a jury of 12 men before the discontinuance could be lawfully made, and that the law under

which the board acted providing for neither is unconstitutional.

I have no doubt but that the position of her counsel is correct. The benefits to be received by a person whose land is taken by the public for a road are a part of the consideration for the release of the land, or its condemnation for a road, and when once vested in him, or he becomes entitled thereto, they are as much his property as the land itself, and neither the State nor any of its subordinate agencies can deprive him of them, except in the manner pointed out by the Constitution, and that has not been done in this case. Notice, finding of public necessity for taking, and compensation ascertained by jury, and made, are wanting, and without these the proceedings are void. The value of Mrs. Pearsall's property may have become very greatly enhanced by the location of her buildings and orchard where they are now situate, upon this road. Of this enhanced value she may become completely deprived by taking up this road, and, if so, she will be deprived of her property to that extent, and it will have been taken from her by the authorities for public use and necessity. Certainly on no other ground could she be deprived of such property rights. "The constitutional provision is adopted for the protection of and security to the rights of the individual as against the government," and the term "taking" should not be used in an unreasonable or narrow sense. It should not be limited to the absolute conversion of property, and applied to land only; but it should include cases where the value is destroyed by the action of the government, or serious injury is inflicted to the property itself, or exclusion of the owner from its enjoyment, or from any of the appurtenances thereto. In either of these cases it is a taking within the meaning of the provision of the Constitution.

"A partial destruction or diminution in value is a taking." Mills, Em. Dom. § 30; *Pumpelly v. Green Bay Co.*, 13 Wall. 177; *Cushman v. Smith*, 34 Me. 247; *Grand Rapids Booming Co. v. Jarvis*, 30 Mich. 308.

If the public take any action which becomes necessary to subserve public use, and valuable rights of an individual are thereby interfered with, and damaged or destroyed, he is entitled to the compensation which the Constitution gives therefor, and such damage or destruction must be regarded as a "taking." The statute of 1887, at page 185, recognizes the right of Mrs. Pearsall to her damages in this case, and has undertaken to provide a mode for obtaining them, but it is not the one authorized by the Constitution.[1]

The proceedings of the board of supervisors were unauthorized, and must be quashed.

The other Justices concurred.

---

[1] This act provides for a jury of *six* freeholders, which was held in *Pearsall v. Supervisors*, 71 Mich. 446, not to be a constitutional jury. Act No. 250, Laws of 1889, repeals the act of 1887, and provides for a jury of twelve freeholders, etc.