PATRICK CURRY v. WILLIAM D. PLACE, CLERK OF IONIA COUNTY, H. H. ROZELL, COMMISSIONER OF HIGHWAYS, AND C. W. PEAKE, CLERK, OF THE TOWNSHIP OF DANBY.

*Highways—Discontinuance—Proceedings by board of supervisors —Certiorari—Parties.*

1. Where, in *certiorari* to review the proceedings of a highway commissioner discontinuing a highway, it appears that his

action was predicated upon the alleged discontinuance of the highway by the board of supervisors of the county, and the proceedings of said board are returned by the county clerk, who is joined as a respondent, an objection that the board of supervisors should also have been joined is untenable.

2. Notice to an occupant of land traversed by a highway, with reference to which his houses, wells, barns, and orchards have been located, of its proposed discontinuance by the board of supervisors, under How. Stat. §§ 497, 498, is essential to the validity of the discontinuance proceedings.[1]

3. The use of a highway, as such, for eight years after its discontinuance by the board of supervisors of the county, makes it a public highway by virtue of such subsequent user, under How. Stat. § 1315, which provides that "all roads which have been or which may hereafter be laid out and not recorded, and which shall have been used eight years or more, shall be deemed public highways."

*Certiorari* to review proceedings to discontinue a highway. Submitted on briefs February 16, 1894. Proceedings quashed March 27, 1894. The facts are stated in the opinion.

*George E. Nichols* and *F. D. M. Davis,* for petitioner.

*Mitchel & Hawley,* for respondents.

McGRATH, C. J. This is *certiorari* to review proceedings to discontinue a highway.

On January 18, 1884, the board of supervisors adopted the report of a committee thereof, recommending that the road "be discontinued, and that the commissioner of highways of said township of Danby be authorized to discontinue the same in accordance with the provisions of law, to take effect at any time in the future when the said commissioner of highways shall so determine, and so certify to the county clerk of Ionia county, that the section-line road mentioned in said petition is in good, passable con-

[1] See, as to the power of the board of supervisors to lay out or discontinue State roads, and the manner of its exercise, *Pearsall v. Board of Supervisors*, 71 Mich. 438, 74 Id. 558.

dition." Nothing further was done respecting the discontinuance of said highway until in June, 1892, when a petition for the discontinuance of said highway, and in form an original petition for that purpose, was presented to the commissioner of highways. The commissioner, on June 10, 1892, issued a notice that—

"Application pursuant to law has been made to the undersigned commissioner of highways, *   *   *   by at least seven freeholders of said township, to discontinue the highway.   *·   *   *   You are therefore hereby notified that the undersigned   *   *   *   will meet   * *   *   to proceed to view the premises,   *   *   *   and ascertain and determine the necessity of discontinuing the above-described highway, and to appraise the damages thereon."

On June 27, 1892, the commissioner filed in the office of the county clerk a certificate setting forth that—

"In accordance with a resolution passed and approved by the board of supervisors of said county, January 18, 1884, I did, on the application of seven or more freeholders, and after giving due notice, pursuant to law, meet at the house of Asahel Way, on the 25th day of June, 1892, at 10 o'clock A. M., and then and there determine that the section-line road mentioned in said resolution of said board of supervisors was in a good, passable condition; and, further, that the said Grand river turnpike   *   *   *   be, and the same is hereby, discontinued, in accordance with said resolution; and I do hereby certify that the above is in accordance with the facts."

A like certificate, with an affidavit of service of notice, was filed with the township clerk.

It is not pretended that there is sufficient of record to sustain the proceeding of the highway commissioner as an original proceeding for the discontinuance of the highway.

The writ here runs against the commissioner, the county clerk, and the township clerk, and the contention is that the board of supervisors should have been made a party defendant. It is, however, by virtue of a proceeding by

the commissioner. in the nature of an original proceeding for the discontinuance of a highway, in which the commissioner has predicated his action upon the alleged discontinuance by the board of supervisors, that the commissioner acted and proposes to act. It is not claimed that all the proceedings of the board of supervisors, and had before them, in relation to the subject, are not before us. The board of supervisors is not, therefore, a necessary party.

No notice was given by the board of supervisors, and no hearing had. Plaintiff had occupied the land through which this highway runs since 1855, and his houses, wells, barns, and orchards have been located with reference to this road. The closing of this highway compels him to seek another road, which is 140 rods from his house plant. We think the case comes within the rule laid down in *Pearsall v. Board of Supervisors,* 74 Mich. 558, and that the proceedings of the board of supervisors are absolutely void.

Irrespective, however, of this infirmity, this highway had been in use over eight years since the board of supervisors acted, and, under How. Stat. § 1315, would, in any event, be deemed a public highway by virtue of such subsequent user.

The proceedings must therefore be quashed.

The other Justices concurred.