PARKER v CADILLAC GAGE TEXTRON, INC

Docket No. 179411. Submitted October 11, 1995, at Detroit. Decided
November 14, 1995, at 9:20 A.M.

Gwendolyn Parker, Lucille Urban, and Bonnie Quinn brought an
action in the Macomb Circuit Court against Cadillac Gage
Textron, Inc., their former employer, alleging age and sex
discrimination in violation of the provisions of the Civil Rights
Act, MCL 37.2101 et seq.; MSA 3.548(101) et seq. The court,
John B. Bruff, J., dismissed the plaintiffs' complaint on the
ground that the three-year period of the applicable statute of
limitations, MCL 600.5805(8); MSA 27A.5805(8), had begun to
run on the plaintiffs' last day of work and, accordingly, that the
plaintiffs' complaint had not been brought within the limitation
period. The plaintiffs appealed.

The Court of Appeals held:

A claim under the Civil Rights Act for discriminatory dis-
charge from employment accrues on the date an employee is
discharged. The date of discharge for the purpose of the Civil
Rights Act is the last day of work, irrespective of any severance
or vacation pay that might extend the employee's effective date
of separation to a later date. Accordingly, the trial court
properly dismissed the plaintiffs' complaint on the basis that it
was not brought within the statutory period.

Affirmed.

CIVIL RIGHTS — DISCHARGE FROM EMPLOYMENT — LIMITATION OF
ACTIONS — ACCRUAL OF ACTIONS.

A claim under the Civil Rights Act for discriminatory discharge
accrues on the date an employee is discharged; the date of
discharge for the purpose of the Civil Rights Act is the last day
of work, irrespective of any severance or vacation pay that
might extend the employee's effective date of separation to a
later date (MCL 37.2101 et seq.; MSA 3.548[101] et seq.).

REFERENCES

Am Jur 2d, Limitation of Actions § 135; Master and Servant § 64;
Wrongful Discharge § 197.

When statute of limitations commences to run as to cause of action
for wrongful discharge. 19 ALR5th 439.

*Lopatin, Miller, Freedman, Bluestone, Herskovic & Heilmann* (by *Lee R. Franklin*), for the plaintiffs.

*Barris, Sott, Denn & Driker* (by *Sharon M. Woods* and *Barry R. Powers*), for the defendant.

Before: CORRIGAN, P.J., and HOEKSTRA and P. E. DEEGAN,* JJ.

CORRIGAN, P.J. Plaintiffs appeal as of right the trial court's dismissal of their complaint alleging age and sex discrimination in violation of the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, because of their failure to file the complaint within the applicable three-year period of limitation. We affirm.

Plaintiffs are three former salaried employees of defendant. On December 3, 1990, defendant gave plaintiffs official written and oral notice that they would be the next group laid off as part of a work force reduction plan. Plaintiffs' own deposition testimony established that the last day they actually worked was December 21, 1990. Several of defendant's records, however, including plaintiffs' "Employee Change of Status" forms, mistakenly indicate that January 4, 1991, was the last day worked. The records also state that January 7, 1991, was the "effective date of separation." Plaintiffs filed their complaint on January 7, 1994. The trial court found that the applicable three-year period of limitation, MCL 600.5805(8); MSA 27A.5805(8), had expired at the latest on January 4, 1994, and that plaintiffs had filed their complaint after the expiration of the period of limitation.

Plaintiffs maintain that the trial court erred

---

* Circuit judge, sitting on the Court of Appeals by assignment.

when it dismissed their complaint as time-barred, arguing that the period of limitation had begun to run on their "effective date of separation." We disagree. We review de novo the trial court's dismissal under MCR 2.116(C)(7). *Nalepa v Plymouth-Canton Community School Dist,* 207 Mich App 580, 584; 525 NW2d 897 (1994).

A claim of discriminatory discharge accrues on the date the plaintiff is discharged. *Salisbury v McLouth Steel Corp,* 93 Mich App 248, 250; 287 NW2d 195 (1979); see also *Northville Public Schools v Civil Rights Comm,* 118 Mich App 573, 578-579; 325 NW2d 497 (1982) (the act of discrimination, not the threat, starts the running of the statute of limitations). The last day worked is the date of discharge. Subsequent severance or vacation pay does not affect the date of discharge. *Id.* See also *Janikowski v Bendix Corp,* 823 F2d 945, 948-949 (CA 6, 1987), and *Arens v G R Mfg Co,* 968 F2d 603, 605 (CA 6, 1992) (claims under the Civil Rights Act challenging a discriminatory discharge accrue on the last day the plaintiff worked). In this case, plaintiffs filed their case more than three years after the date they were discharged. Despite the fact that January 7, 1991, *may have been* plaintiffs' "effective" date of separation, it is undisputed that the last day they actually worked was December 21, 1990. Even if we accept the mistaken notation in defendant's records that January 4, 1991, was the last day worked, the three-year statute of limitations bars plaintiffs' suit.

Affirmed.