WOMACK-SCOTT v DEPARTMENT OF CORRECTIONS

Docket No. 217734. Submitted November 8, 2000, at Lansing. Decided May
15, 2001, at 9:25 A.M. Leave to appeal denied, 465 Mich 894.

Wendy Womack-Scott brought an action in the Ingham Circuit Court
against the Department of Corrections, alleging wrongful discharge
and violations of the Civil Rights Act, MCL 37.2101 *et seq.*, in the
form of employment discrimination based on race and marital sta-
tus. After the defendant had terminated the plaintiff's employment
for violating a work rule in the Department of Corrections
Employee Handbook that prohibited employee cohabitation with a
probationer or parolee, the plaintiff filed a grievance with the
Department of Civil Service. A hearing officer determined that dis-
charge was too severe a penalty for the violation and ordered the
plaintiff's reinstatement. The defendant complied with the rein-
statement order, but appealed to the Employment Relations Board.
The board affirmed the hearing officer's decision. On further appeal
by the defendant to the Civil Service Commission, the commission
reversed the hearing officer's decision and reinstated the termina-
tion. The court, William E. Collette, J., granted summary disposition
for the defendant, ruling that the plaintiff's claims under the Civil
Rights Act were barred by the applicable three-year statute of limi-
tations, MCL 600.5805(8), now MCL 600.5805(9), and that the court
lacked subject-matter jurisdiction over the claims of wrongful dis-
charge. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court did not err in ruling that the plaintiff's claims
under the Civil Rights Act accrued at the time of the initial termina-
tion of employment, not the subsequent termination after reinstate-
ment, and that the claims were time-barred because they were
brought more than three years after accrual. To rule otherwise
would be contrary to the principle that the Civil Service Commis-
sion and the circuit court have concurrent jurisdiction over dis-
crimination claims by civil servants. Where concurrent jurisdiction
exists, it defies reason to hold that jurisdiction is in any way depen-
dent on the outcome from a tribunal of concurrent jurisdiction.

2. The trial court did not err in ruling that it lacked subject-
matter jurisdiction over the claims of wrongful discharge. The
plaintiff had asserted that her discharge was wrongful because

there was a lack of just cause to discipline her under the work rule and because her discharge violated civil service rules, the Civil Rights Act, merit principles, and public policy. The wrongful discharge claims based on the Civil Rights Act are barred by the statute of limitations. The other claims of wrongful discharge were the subject of administrative proceedings that culminated in the Civil Service Commission decision in the defendant's favor. The plaintiff's action for wrongful discharge claims not based on the Civil Rights Act is improper because the appropriate avenue of relief from a Civil Service Commission decision is by direct appeal to the circuit court, as provided under the Administrative Procedures Act, MCL 24.201 *et seq.*, and not by a separate action for wrongful discharge. No merit lies in the plaintiff's claim that she is entitled to file a separate cause of action in the circuit court to address a constitutional issue over which the administrative agency had no jurisdiction. Constitutional issues not within the administrative agency's jurisdiction can be raised in the circuit court through the review procedure in the Administrative Procedures Act. MCL 24.305 and MCR 7.105(I) provide a method for taking additional evidence if necessary. MCR 7.105(M) provides that the circuit court in an appeal from an administrative agency may affirm, reverse, remand, or modify the decision of the agency and may grant the petitioner or the respondent further relief as appropriate based on the record, findings, and conclusions.

Affirmed.

1. CIVIL RIGHTS — DISCRIMINATORY DISCHARGE FROM EMPLOYMENT — ACCRUAL OF CLAIMS — LIMITATION OF ACTIONS.

A claim under the Civil Rights Act for discriminatory discharge from employment accrues on the date of discharge and must be brought within three years of accrual (MCL 37.2101 *et seq.*, 600.5805[9]).

2. CIVIL SERVICE — DISCHARGE — CIVIL RIGHTS ACT — ACTIONS.

A state classified civil service employee who brings an action under the Civil Rights Act for discriminatory discharge is not required to first exhaust administrative remedies (MCL 37.2101 *et seq.*).

3. CIVIL SERVICE — WRONGFUL DISCHARGE.

Any claim of wrongful discharge by a state classified civil service employee is subject to the grievance procedure for the classified civil service; a state classified civil service employee who seeks relief from a decision of the Civil Service Commission affirming the employee's discharge must pursue a direct appeal in the circuit court and may not file in the circuit court a separate action for wrongful discharge (Const 1963, art 11, § 5, art 6, § 28; MCL 24.201 *et seq.*; MCR 7.104[C]).

*Randie K. Black,* for the plaintiff.

*Jennifer M. Granholm,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Katherine C. Galvin,* Assistant Attorney General, for the defendant.

Before: DOCTOROFF, P.J., and HOEKSTRA and MARKEY, JJ.

PER CURIAM. In this action stemming from plaintiff Wendy Womack-Scott's discharge from employment, plaintiff alleges that defendant Department of Corrections (DOC) violated the Civil Rights Act (CRA), MCL 37.2101 *et seq.,* by discriminating against her on the basis of race and marital status and that defendant wrongfully discharged her for a multitude of reasons. Defendant moved for summary disposition or dismissal of both counts, and the trial court granted defendant's motion. Plaintiff appeals as of right. We affirm.

Plaintiff began her employment with defendant in 1984 as a corrections officer and later held the supervisory position of resident unit manager. In May 1994, defendant terminated plaintiff's employment because she violated Work Rule 12, Section C, of the MDOC Employee Handbook governing "conduct unbecoming a department employee." That rule prohibits cohabitation with a probationer or parolee except in certain circumstances involving marital relationships. At the time plaintiff accepted employment with defendant in 1984, she was living with her boyfriend and the couple had a child in 1988. Since 1989, plaintiff's boyfriend has spent time in jail, in prison, or on parole. Although released on parole in June 1990, plaintiff's boyfriend returned to prison in August 1990 because of a parole violation. In September of 1990, in an apparent attempt to comply with civil service work

rules, plaintiff reported to defendant that "a close and personal friend" with whom she has a two-year-old daughter was a prisoner. Plaintiff's boyfriend again was released on parole in 1991. Years later, in February 1994, police raided plaintiff's home and discovered that she was living with her boyfriend, who was still on parole.[1] On May 26, 1994, defendant terminated plaintiff's employment for violating Work Rule 12.

After her termination, plaintiff filed a grievance with the Department of Civil Service, claiming that her discharge under Work Rule 12 was without just cause, that Work Rule 12 was illegal, and that other similarly situated employees who had violated Work Rule 12 were not discharged. Following a grievance hearing, the hearing officer concluded that just cause for discipline existed, but that discharge was too severe a penalty. The hearing officer awarded plaintiff reinstatement to her former position or an equivalent position, but without back pay. Plaintiff was reinstated on February 26, 1995, and remained employed with defendant until March 22, 1996. During that time, defendant's appeal of the grievance hearing officer's decision was first affirmed by the Employment Relations Board, but later the Michigan Civil Service Commission (CSC) reversed the hearing officer's reduction of penalty and reinstated termination, effective March 22, 1996.

Approximately two years after her latter discharge from employment with defendant and after the CSC's decision became final, plaintiff filed in the circuit court a two-count complaint alleging violations of the

---

[1] Although not relevant to this appeal, we note that the couple had another child in 1992 and, according to plaintiff, married in 1997.

CRA and wrongful discharge. Defendant moved for summary disposition or dismissal for multiple reasons. The trial court granted defendant's motion, concluding that the statute of limitations barred plaintiff's CRA claim and that it lacked subject-matter jurisdiction to consider the wrongful discharge claims.[2]

Plaintiff first argues that the trial court erred in dismissing her CRA claim on the basis that the three-year period of limitation under MCL 600.5805(8)[3] barred her race and marital status discrimination claims under the CRA. Plaintiff claims that the trial court utilized the wrong date when calculating the limitation period. According to plaintiff, the three-year period of limitation did not bar these claims because they accrued on March 22, 1996, which was the last day that she was employed by defendant, and she filed her complaint approximately two years later, on April 30, 1998. However, defendant argues that the date that defendant initially terminated plaintiff's employment, May 26, 1994, is the date that plaintiff's claims accrued, and therefore the statute of limitations bars her claims. The trial court agreed with defendant.

A plaintiff who alleges employment discrimination under the CRA must file her claim within three years of the time that it accrued. *Meek v Michigan Bell Telephone Co*, 193 Mich App 340, 343; 483 NW2d 407 (1991); MCL 600.5805(9). When a plaintiff asserts a claim for discriminatory discharge, which plaintiff did in this case, the time of accrual commences on the

---

[2] We review a trial court's grant of summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Similarly, we review jurisdiction, which is a question of law, de novo. *Bass v Combs*, 238 Mich App 16, 23; 604 NW2d 727 (1999).

[3] Since plaintiff filed this claim, MCL 600.5805 has been amended, and the current subsection applicable to employment discrimination claims is subsection 9.

date that the employer discharged her from the job. *Parker v Cadillac Gage Textron, Inc,* 214 Mich App 288, 290; 542 NW2d 365 (1995). In *Parker,* where the employment records contained a mistaken notation of the correct date of discharge, this Court explained that "[t]he last day worked is the date of discharge." *Id.* at 290.

In the present case, although plaintiff was technically reinstated for a period as a result of administrative decisions and again discharged, we disagree that the second and final discharge should apply for purposes of calculating the limitation period. Contrary to plaintiff's argument, it makes no sense to say that plaintiff was discharged for discriminatory reasons, but that the discharge was effective only at a later date. As the trial court explains, "a claim for discriminatory discharge accrues *on the date that the party was discharged* and not the date that an administrative agency reinstates a prior termination which was itself set aside at a prior administrative level of the appeals process." Accordingly, plaintiff's race and marital status discrimination claims accrued on May 26, 1994, the date of her initial discharge that was allegedly for discriminatory reasons, and thus the trial court properly concluded that the three-year period of limitation barred plaintiff's discrimination claims. MCR 2.116(C)(7); *Parker, supra.* To rule otherwise would be contrary to the principle that the CSC and the circuit court have concurrent jurisdiction over discrimination claims. *Nummer v Dep't of Treasury,* 448 Mich 534, 550; 533 NW2d 250 (1995); *Walters v Dep't of Treasury,* 148 Mich App 809, 814-815, 819; 385 NW2d 695 (1986); *Marsh v Dep't of Civil Service,* 142 Mich App 557, 562-569; 370 NW2d 613 (1985). Where concurrent jurisdiction exists, it defies reason

to hold that jurisdiction is in any way dependent on the outcome from a tribunal of concurrent jurisdiction.[4]

Plaintiff also argues that the trial court erred in concluding that it lacked subject-matter jurisdiction over her wrongful discharge claims. Plaintiff asserted in the second count of her complaint that defendant wrongfully discharged her because of (1) the lack of just cause to discipline her under Work Rule 12, Section C, and violation of (2) the civil service rules, (3) the CRA, (4) the merit principles, and (5) public policy. Plaintiff argues on appeal that jurisdiction lies in the circuit court because the administrative hearing officer stated that he "lack[ed] jurisdiction to challenge the legal basis of those rules." In a brief and conclusory manner, plaintiff appears to be suggesting that she was denied "her day in court" on her wrongful discharge claims other than the ruling that she violated Work Rule 12.[5] Plaintiff further asserts that

---

[4] Plaintiff did not argue that her administrative action tolled the statute of limitations. See *Rodgers v Washtenaw Co*, 209 Mich App 73, 75; 530 NW2d 118 (1995) ("The statute of limitations for a civil action brought in the circuit court is not tolled by a prior action seeking administrative relief for the same alleged harm.").

[5] We assume on the basis of the hearing officer's ruling that plaintiff's grievance included a claim that Work Rule 12 is unconstitutional. Because plaintiff filed the instant case as an original action, we lack the record of the administrative agency proceedings. However, the record does contain a copy of the hearing officer's grievance decision and the language from which we assume plaintiff bases her constitutional challenge:

Grievant's argument that in the [sic] light of case law Rule 12 is unconstitutional is not a factor in resolving this grievance. The authority of this Hearing Officer is limited to the interpretation and application of the Civil Service rules and regulations, and he lacks jurisdiction to challenge the legal basis of those rules.

Plaintiff fails to articulate the basis of her "constitutional" claim in her appellate brief. We assume on the basis of the quoted language that plaintiff was seeking relief in the circuit court through an original cause of action on the theory that there was no just cause for termination because

"[w]rongful discharge based upon the Elliott Larsen Civil Rights Act, Merit Principles or Civil Service Rules that require equality and proscribe marital status discrimination are not time barred." According to plaintiff, a six-year statute of limitations applies to these claims because they are based on contract, not on discriminatory employment practices. Finally, although difficult to ascertain, it appears that plaintiff contends that her pleadings do state an actionable claim for discharge in violation of public policy.

In response to plaintiff's arguments, defendant asserts, as it did in the circuit court, that plaintiff's CRA claim is time-barred by the applicable three-year statute of limitations for CRA claims. Further, defendant maintains, among other things,[6] that plaintiff failed to exhaust her administrative remedies because she did not pursue an appeal of the final CSC decision to the circuit court, thus making dismissal appropriate.

With regard to the CRA aspect of plaintiff's wrongful discharge claim, we note that a plaintiff is not required to exhaust administrative remedies before proceeding to the circuit court on a CRA claim. *Walters, supra* at 815; *Marsh, supra*. However, to the extent that her wrongful discharge claim was based on the CRA, we agree with the trial court that the statute of limitations barred that claim, for the reasons explained above.

With regard to the other claims asserted in plaintiff's wrongful discharge count, because plaintiff is an

---

the work rule under which just cause for termination was found was unconstitutional.

[6] Although defendant provided additional reasons why summary disposition and dismissal were appropriate, we do not discuss those reasons because they do not affect our analysis.

employee of the DOC and is therefore a member of the state classified civil service, any claim for wrongful discharge is subject to the grievance procedure for the classified service. Const 1963, art 11, § 5; *Viculin v Dep't of Civil Service*, 386 Mich 375, 393; 192 NW2d 449 (1971); *Michigan Supervisors Union OPEIU Local 512 v Dep't of Civil Service*, 209 Mich App 573, 576; 531 NW2d 790 (1995); *Bonneville v Michigan Corrections Organization, Service Employees Int'l Union, Local 526M, AFL-CIO*, 190 Mich App 473, 475; 476 NW2d 411 (1991). In this case, the parties availed themselves of the CSC grievance procedures. Plaintiff properly filed a grievance and after a hearing and the receipt of posthearing briefs, the hearing officer issued a grievance decision acknowledging the violation of Work Rule 12, but finding the penalty of discharge too severe. The hearing officer reinstated plaintiff to her former or an equivalent position, but without back pay. From the limited record, it appears that defendant pursued the proper avenue to seek review of the hearing officer's grievance decision by applying for leave to appeal to the Employment Relations Board (ERB). After the ERB affirmed the hearing officer's decision, defendant sought review by the CSC. In its decision, the CSC affirmed the ERB's decision to the extent that the ERB determined that plaintiff had committed a Class II Offense that subjected her to appropriate disciplinary penalties. However, the CSC determined that the hearing officer abused his discretion and exceeded his authority when he reduced the penalty of dismissal to a disciplinary suspension and, likewise, the CSC determined that the ERB abused its discretion in affirming the reduction of the penalty. The CSC reinstated plaintiff's termination, effective March 22, 1996. On this record, it appears that the

internal administrative procedures were exhausted by the parties and defendant prevailed.

Defendant having ultimately prevailed in the administrative review process, the question becomes what recourse was available to plaintiff to continue to pursue her claims against defendant. Plaintiff answered that question by filing an independent action for wrongful discharge within the applicable six-year period for such actions generally, but approximately two years after the final administrative ruling of the CSC. Defendant maintains that plaintiff's suit is improper and that her only avenue to continue her claim was a direct appeal from the CSC ruling within sixty days as provided by the Administrative Procedures Act (APA), MCL 24.201 *et seq.* We agree with defendant.

The CSC is an administrative agency that exists pursuant to the constitution. Const 1963, art 11, § 5. The CSC regulates the terms and conditions of employment in the classified service and has plenary and absolute authority in that respect. *Id.*; *Michigan Supervisors Union OPEIU Local 512, supra; Bonneville, supra.* The APA provides the means to seek review of a CSC decision. MCR 7.104(C). If a party desires to challenge an adverse CSC decision or ruling, the review process involves a direct appeal to the circuit court. Const 1963, art 6, § 28; MCL 24.301 *et seq.*; MCR 7.104(C). In *Nummer, supra,* at 551, our Supreme Court explained:

> [I]t is clear that the Legislature intended to make the Civil Rights Commission findings final in the absence of an appeal and, accordingly, also must have intended to make Civil Service Commission determinations final in the absence of an appeal. Regardless of whether an appeal is taken, the Legislature has provided only one remedy from

an adverse determination, i.e., direct appeal in the circuit court. An appeal by its very nature contemplates the possibility of reversal, but it certainly does not contemplate a new, original action. If the Legislature intended anything else, it would have said so more directly.

Cf. *Northwestern Nat'l Casualty Co v Comm'r of Ins*, 231 Mich App 483, 495-496; 586 NW2d 563 (1998) (an independent action attacking the decisions of the Commissioner of Insurance is not contemplated in the Insurance Code).

Considering the function that the CSC serves to resolve employment disputes of state employees and the availability of a direct appeal to the circuit court from a CSC decision, we hold that a party aggrieved by a ruling of the CSC cannot file an independent action to seek redress of the claims made during the administrative process, but rather must pursue those claims through a direct appeal to the circuit court pursuant to the APA. See MCR 7.104(C). Here, plaintiff did not appeal the CSC decision to the circuit court within the sixty-day period mandated by the APA, see MCL 24.304(1), but instead she filed a separate action in the circuit court. Plaintiff's failure to initiate a timely appeal is fatal.

To the extent that plaintiff suggests that she is entitled to file a separate cause of action in the circuit court to address the constitutional issue over which the administrative agency had no jurisdiction, we find her claim without merit. This Court has explained that when a constitutional issue is intermingled with issues properly before an administrative agency, exhaustion of administrative remedies is not excused:

[T]he exhaustion requirement is displaced only when there are no issues in controversy other than the constitutional challenge. The mere presence of a constitutional

> issue is not the decisive factor in avoiding the exhaustion requirement. If there are factual issues for the agency to resolve, the presence of a constitutional issue, or the presence of an argument couched in constitutional terms, does not excuse the exhaustion requirement even if the administrative agency would not be able to provide all the relief requested. [*Michigan Supervisors Union OPEIU Local 512, supra* at 578 (citations omitted).]

Constitutional issues not within the administrative agency's jurisdiction can be raised in the circuit court through the review procedure in the APA; no separate action is contemplated or allowed. Indeed, MCL 24.304(3) provides that "[t]he court, on request, shall hear oral arguments and receive written briefs." Moreover, the APA and the applicable court rule provide a method for taking additional evidence if necessary. MCL 24.305; MCR 7.105(I); cf. *In re Nichols*, 150 Mich App 1, 9; 388 NW2d 682 (1986) ("While the APA limits review to the record, it also provides [a party] a remedy rendering a de novo court hearing unnecessary."). Further, when there is an appeal from an administrative agency, the circuit court "may affirm, reverse, remand, or modify the decision of the agency and may grant the petitioner or the respondent further relief as appropriate based on the record, findings, and conclusions." MCR 7.105(M). This procedure is sufficient to provide plaintiff relief from an administrative agency decision and for claims not decided by the administrative agency. Plaintiff failed to utilize this procedure and is therefore not entitled to relief on her alleged constitutional issue. See MCR 7.105(J)(2).

Affirmed.