# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 18, 2008

132018

HOUDINI PROPERTIES, LLC,
       Plaintiff-Appellant,

v

CITY OF ROMULUS,
       Defendant-Appellee.

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 132018
COA: 266338
Wayne CC: 05-504139-CZ

_____/

On November 8, 2007, the Court heard oral argument on the application for leave to appeal the June 13, 2006 judgment of the Court of Appeals. On order of the Court, the application is again considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and VACATE the Wayne Circuit Court's orders of October 19, 2005, granting summary disposition pursuant to MCR 2.116(C)(6) and (7), on the grounds of failure to comply with MCR 2.203(A) and res judicata. The plaintiff's claim of appeal pursuant to MCL 125.585(11) was not a "pleading." MCR 2.110(A). As the defendant has acknowledged, the joinder rules of MCR 2.203 therefore do not apply to a claim of appeal from the decision of a zoning board of appeals. The decision of the circuit court on appeal from the zoning board of appeals' denial of a use variance was not res judicata on the plaintiff's constitutional claims. The zoning board of appeals did not have jurisdiction to decide the plaintiff's substantive due process and takings claims. Under MCL 125.585(11), the circuit court's review is confined to the record and decision of the zoning board of appeals. Therefore, the circuit court could not rule on takings issues in the plaintiff's appeal. The Court of Appeals and the Wayne Circuit Court erred in relying on the rationale of the unpublished decision in *Sammut v City of Birmingham*, issued January 4, 2005 (Docket No. 250322). We REMAND this case to the Wayne Circuit Court for further proceedings not inconsistent with this order.

We do not retain jurisdiction.

CORRIGAN, J., dissents and states as follows:

I

I dissent from the majority's decision to reverse the judgment of the Court of Appeals and vacate the trial court's orders granting summary disposition for defendant. Although I concur that the compulsory-joinder rules of MCR 2.203(A) do not apply, I believe that the decision of the circuit court on appeal from the zoning board of appeals' (ZBA) denial of a use variance was res judicata regarding plaintiff's taking claim.

Plaintiff, a sophisticated developer, acquired an odd-sized, one-third acre lot for $25,000 near Detroit Metropolitan Airport in 1998. When plaintiff acquired the lot, the location was zoned "business transitional" and prohibited the erection of billboards.[1] Although the city later rezoned the property as "regional center," that zoning classification also prohibited billboards. Six years after plaintiff acquired the lot, it sought a use variance to erect a billboard. Plaintiff asserted various constitutional claims before the ZBA, including a claim that the denial of the use variance for a billboard was a taking. The city's planning consultant recommended that the ZBA deny the application for the following reasons:

1. There are no exceptional or extraordinary circumstances or conditions applicable to the site that are not common to other similarly zoned lots in the immediate vicinity of this subdivision. The lots are of a similar size and configuration as the other surrounding lots within this subdivision and possess the same access issue.

2. Placing a billboard in this site would convey a special privilege to this land owner that is not enjoyed by others in the district and immediate vicinity of this subdivision.

3. The billboard will not meet the 20 foot side yard setback from the north property line and will cast a shadow on the lot to the north.

4. That granting the variance will not be in harmony with the purpose and intent of the RC [regional center] District and is contrary to the recommendations of the Master Plan for development of the Metro Center area.

5. There are several other areas of the City that allow billboards.

The ZBA therefore denied the application, on the basis of the recommendation of the city's planning consultant.

Plaintiff appealed the ZBA decision in the circuit court, arguing, among other things, that the ZBA's denial of the use variance was a taking. Plaintiff later filed this separate civil action, seeking damages arising from the same denial by the ZBA. Plaintiff again asserted a taking claim, a denial of substantive due process, and a 42 USC 1983 civil rights claim. The circuit court then affirmed the ZBA's denial of a variance. In doing so, the circuit court effectively ruled on plaintiff's taking claim:

---

[1] A billboard on plaintiff's lot also required an airport zoning permit because the property is within Zone A of the airport's zoning ordinance, which is the precision instrument zone for 10 runways. There is no indication that plaintiff ever obtained the permit from the airport to allow the erection of a billboard on the property.

> [T]he fact that the property involved has very limited use doesn't mean that it's worthless or it can't be used. There are some uses that the property can be put to other than having a billboard, and it's not been shown to be totally worthless.

Then, in the instant case, the circuit court granted summary disposition for the city based on compulsory joinder and res judicata. The Court of Appeals affirmed.

In *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412 (2007), this Court stated the requirements for application of the doctrine of res judicata:

> "The doctrine of res judicata is employed to prevent multiple suits litigating the same cause of action. The doctrine bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first. This Court has taken a broad approach to the doctrine of res judicata, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." [*Id.* at 418, quoting *Adair v Michigan*, 470 Mich 105, 121 (2004) (citations omitted).]

Here, there is no question that plaintiff's ZBA appeal in the circuit court was decided on the merits and that plaintiff's ZBA appeal and taking claim involve the same parties. I disagree with the majority that plaintiff's taking claim could not have been resolved with the ZBA appeal in the circuit court. The order fails to explain why plaintiff could not have asserted its taking claim with its ZBA appeal.

The order holds that the circuit court could not rule on plaintiff's taking claim because the court's review under MCL 125.585(11) was confined to the decision of the ZBA. That MCL 125.585(11) stated that the circuit court "shall review the record and decision of the board of appeals," however, does not mean that the court is precluded from also reviewing other general jurisdiction claims involving the same facts, such as a taking claim stemming from the ZBA decision.

The majority also concludes that res judicata does not apply to plaintiff's taking claim because the circuit court's review is confined to the record created in the ZBA. When taking claims are not brought within the confines of MCL 125.585(11), however, nothing prevents the circuit court from taking additional evidence on those claims. Further, in applying res judicata, Michigan uses the "same transaction" test, not a "same evidence" test. *Adair, supra* at 124-125. In *Adair,* this Court explained the difference:

> "Under the 'same evidence' test, a second suit is barred 'if the evidence needed to sustain the second suit would have sustained the first, or

if the same facts were essential to maintain both actions.' The 'transactional' test provides that 'the assertion of different kinds or theories of relief still constitutes a single cause of action if a single group of operative facts give[s] rise to the assertion of relief.'

\* \* \*

"[U]nder the same evidence test the definition of what constitutes a cause of action is narrower than under the transactional test. As explained in the Restatement (Second) of Judgments, the same evidence test is tied to the theories of relief asserted by a plaintiff, the result of which is that two claims may be part of the same transaction, yet be considered separate causes of action because the evidence needed to support the theories on which they are based differs. By contrast, the transactional approach is more pragmatic. Under this approach, a claim is viewed in 'factual terms' and considered 'coterminous with the transaction, regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; \* \* \* and regardless of the variations in the evidence needed to support the theories or rights.'" [*Id.* at 124, quoting *River Park, Inc v Highland Park*, 184 Ill 2d 290, 307-309; 703 NE2d 883 (1998).]

Thus, under Michigan's test, it is not dispositive that the evidence needed to prove the taking claim is different than what was needed in the ZBA appeal in the circuit court. *Adair, supra* at 124-125. In *Adair, supra* at 125, this Court held that although the fact that the two claims require different evidence "may have some relevance, the determinative question is whether the claims" in the taking case arose as part of the same transaction as the claims in the ZBA appeal in the circuit court. "'Whether a factual grouping constitutes a "transaction" for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in time, space, origin or motivation, [and] whether they form a convenient trial unit . . . .'" *Id.* at 125, quoting 46 Am Jur 2d, Judgments, § 533, p 801 (emphasis deleted).

Here, a single set of facts gives rise to relief under both the ZBA appeal and the taking theory. Plaintiff even conceded as much in its complaint in the civil action when it stated the following: "There is another civil action pending in the Circuit Court for the County of Wayne involving the parties hereto that relates [to] the subject matter involved in this action. . . . That action is the Plaintiff's appeal of a decision by the Defendant's Zoning Board of Appeals." In the ZBA appeal in the circuit court, plaintiff argued that the ZBA erred in applying the zoning ordinance and denying plaintiff's application for a variance to erect a billboard. Plaintiff argued that the denial of the variance would result in a taking because it would deprive plaintiff's property of all value. In the civil action, plaintiff argued a taking claim, a violation of substantive due process, and a violation of 42 USC 1983, all stemming from defendant's application of its zoning ordinance and denial of plaintiff's variance request. The origin of both actions was plaintiff's inability

to erect a billboard on the property. Plaintiff's civil action clearly involves facts that are closely related in time, space, and origin to the ZBA appeal in the circuit court. Thus, plaintiff's taking claim is barred by res judicata because plaintiff could have brought that claim together with the ZBA appeal in the circuit court.

## II

Not only do I conclude that plaintiff could have asserted its taking claim *along with* the ZBA appeal in the circuit court, I also conclude that plaintiff did assert its taking claim within the confines of MCL 125.585(11) as *part of* its ZBA appeal. At all times relevant to this appeal, MCL 125.585(11) provided:[2]

> The decision of the board of [zoning] appeals is final. However, a person having an interest affected by the zoning ordinance may appeal to the circuit court. Upon appeal, the circuit court *shall* review the record and decision of the board of appeals to ensure that the decision meets all of the following requirements:
>
> (a) Complies with the constitution and laws of this state.
>
> (b) Is based upon proper procedure.
>
> (c) Is supported by competent, material, and substantial evidence on the record.
>
> (d) Represents the reasonable exercise of discretion granted by law to the board of appeals. [Emphasis added.]

That MCL 125.585(11) stated that the circuit court "shall review the record and decision of the board of appeals" does not mean that the court is precluded from reviewing the constitutional ramifications of the ZBA decision or other claims involving the same facts, such as a constitutional challenge to the zoning ordinance. Rather, the unambiguous statutory language clearly *required* the circuit court to review the ZBA decision to ensure that it complied with the constitution. Nothing in the statute allows a person appealing a ZBA decision to reserve an original civil action alleging claims related to the ZBA decision. By allowing plaintiff to file a taking claim separately from the ZBA appeal in the circuit court, the majority has mandated that extant procedures under our court rules trump the unambiguous statutory language mandating the circuit court to review constitutional issues to ensure that the ZBA decision complies with the constitution.

---

[2] Effective July 1, 2006, MCL 125.585 was repealed by the new Michigan Zoning Enabling Act, 2006 PA 110, MCL 125.3101 *et seq*. The section equivalent to MCL 125.585(11) is now codified as MCL 125.3606(1), which is substantively identical.

Perhaps more troubling is that the taking issue *was* adjudicated in the appeal. Plaintiff actually raised constitutional claims in the ZBA and its subsequent appeal in the circuit court. Plaintiff initially made the following arguments in its brief to the ZBA:

> The right to use one's property is one of the most basic property rights that an owner enjoys. It has long been the law in Michigan that the exclusion of an owner's enjoyment or the partial destruction or diminution of a property's value by a governmental agent may constitute a taking. See e.g. Pearsall v Easton Co Bd of Supervisors, 74 Mich 558, 561-562 (1889).

> The Applicant, unlike other property owners in the RC zoning district, is being fully deprived of its right to enjoy the Subject Property solely because of the City's action in zoning the Subject Property to a district in which it cannot be developed in any way. . . .

> \* \* \*

> . . . Due to the Zoning Ordinance, the Subject Property literally cannot be developed in any way. This renders it both unusable and unmarketable and may constitute a taking. See Pearsall[, *supra* at 561-562].

Plaintiff made similar arguments in the circuit court when appealing the ZBA decision. Plaintiff even argued in the circuit court that the ZBA "missed" the taking issue and should have addressed it. Plaintiff argued, in pertinent part, as follows in its circuit court brief:

> This Honorable Court is not bound by the findings and conclusions of the ZBA, but may "negate actions which are so unreasonable as to rise to the level of unconstitutionality." Macenas v Michiana, [433 Mich 380, 395 (1989)].

> \* \* \*

> The substantial right at issue is the right to use one's property, which is one of the most basic property rights that an owner enjoys. *The exclusion of an owner's enjoyment or the partial destruction or diminution of a property's value by a governmental actor may constitute a taking.* See e.g. Pearsall[, *supra* at 561-562]. Houdini, which has owed [sic] the Property for years, is being denied this right and is entitled to a variance as a matter of law. See e.g. Bassey [*v Huntington Woods*, 344 Mich 701, 705-706 (1956)].

> Despite the fact that Houdini's Use Variance Application clearly framed this issue and provided supporting Michigan case law, the ZBA and the Planning Consultant's Report again missed the issue, claiming that the construction of the billboard itself was the property right at issue.

* * *

> As discussed previously, the ZBA wholly ignored the most critical fact—that the Property cannot be developed due entirely to the City's own actions. This is the exceptional issue that creates an unnecessary hardship justifying a variance. It is also an unconstitutional use of the City's police power. See Bassey, supra. [Emphasis added; citations omitted.]

Thus, plaintiff actually argued in its appeal of the ZBA's decision that application of the zoning ordinance and the denial of the variance application resulted in a taking. The circuit court affirmed the ZBA's denial of plaintiff's variance application.[3] The Court of Appeals denied leave to appeal that decision.

The circuit court had a duty under MCL 125.585(11) to address the constitutional implications of the ZBA's decision. Yet instead of complying with MCL 125.585(11), plaintiff filed a separate, duplicative civil action alleging an unconstitutional taking. The majority's decision encourages gamesmanship by allowing a person appealing a ZBA decision a second bite at the apple by filing a civil suit. If a plaintiff's constitutional arguments are unsuccessful in the ZBA appeal in the circuit court, the separate civil action allows another trip on the same issue.

Even if the facts established in the ZBA record might have been insufficient for the circuit court to decide the taking claim, both statutory and court rule solutions exist that permit the taking of additional evidence so that the taking claim can be made in a ZBA appeal in the circuit court. Specifically, MCL 125.585(12)[4] and MCR 7.105(I)[5]

---

[3] The circuit court ruled on the ZBA appeal after plaintiff filed the civil taking action.

[4] MCL 125.585(12) provided:

> If the court finds the record of the board of appeals inadequate to make the review required by this section, or that additional material evidence exists that with good reason was not presented to the board of appeals, the court shall order further proceedings before the board of appeals on conditions that the court considers proper. The board of appeals may modify its findings and decision as a result of the new proceedings, or may affirm the original decision. The supplementary record and decision shall be filed with the court.

[5] MCR 7.105(I) provides:

> Additional Evidence. An application to present proofs of alleged irregularity in procedure before the agency, or to allow the taking of additional evidence before the agency, is timely only if it is filed with or included in the petition for review. The petitioner shall promptly notice the request for hearing in the manner for notice of hearing of motions. If the

permit the circuit court to order the ZBA to take additional evidence. In *Womack-Scott v Dep't of Corrections*, 246 Mich App 70 (2001), the Court of Appeals explained this procedure as it applies under the Administrative Procedures Act (APA), MCL 24.201 *et seq.*:

> *Constitutional issues not within the administrative agency's jurisdiction can be raised in the circuit court through the review procedure in the APA; no separate action is contemplated or allowed.* Indeed, MCR 24.304(3) provides that "[t]he court, on request, shall hear oral arguments and receive written briefs." Moreover, the APA and the applicable court rule provide a method for taking additional evidence if necessary. MCL 24.305; MCR 7.105(I); cf. In re Nichols, 150 Mich App 1, 9; 388 NW2d 682 (1986) ("While the APA limits review to the record, it also provides [a party] a remedy rendering a de novo court hearing unnecessary."). Further, when there is an appeal from an administrative agency, the circuit court "may affirm, reverse, remand, or modify the decision of the agency and may grant the petitioner or the respondent further relief as appropriate based on the record, findings, and conclusions." MCR 7.105(M). *This procedure is sufficient to provide plaintiff relief from an administrative agency decision and for claims not decided by the administrative agency.* [*Womack-Scott*, *supra* at 81 (emphasis added).]

As the *Womack-Scott* panel explained, this procedure permits a plaintiff filing a ZBA appeal in the circuit court to also obtain relief on a taking claim, even though the ZBA did not decide or take evidence on that claim. Under this procedure, once the ZBA takes additional evidence regarding the taking claim, the circuit court will have a sufficient factual basis to decide that claim. Accordingly, constitutional issues that were not within the ZBA's jurisdiction can be raised in the circuit court with the ZBA appeal. "[N]o separate action is contemplated or allowed." *Id.*

Caselaw supports the application of res judicata in this case. In *Krohn v City of Saginaw*, 175 Mich App 193, 194-195 (1988), the defendant obtained a variance from the planning commission (acting for the ZBA) to build a store. The plaintiffs, adjacent landowners, appealed that decision in the circuit court. *Id.* at 195. The circuit court

---

court orders the taking of additional evidence, the time for filing briefs is stayed until the taking of the evidence is completed.

dismissed the plaintiffs' appeal as untimely, and the Court of Appeals affirmed that decision. *Id.* at 196-197. The Court of Appeals, however, stated that it was necessary to consider the plaintiffs' argument that certain aspects of their complaint should not have been dismissed because they represented different causes of action not covered by the filing deadline. The Court of Appeals held that the plaintiffs' taking and due process claims did not establish separate causes of action and should be raised in an appeal from the planning commission:

> Count III of plaintiffs' complaint alleged that their state and federal due process rights were violated and that their property had been taken without just compensation as protected by the state constitution. . . . With respect to [this count and two other counts of plaintiffs' complaint], we believe that they all raise issues relative to the decision of the planning commission and the procedures employed by the planning commission in reaching that decision. Thus, they do not establish separate causes of action, but merely address alleged defects in the methods employed by the planning commission or the result reached by the commission. Accordingly, *those are issues to be raised in an appeal from the decision of the planning commission.* Since plaintiffs were tardy in claiming their appeal, those counts were properly dismissed. [*Id.* at 198 (emphasis added).]

Although *Krohn* did not involve the application of res judicata, the Court of Appeals discussion of the taking and due process claims as they related to the ZBA appeal supports defendant's position. Thus, plaintiff's taking claim is barred by res judicata because plaintiff could have brought the taking claim within the confines of the ZBA appeal under MCL 125.585(11).

III

In sum, the majority has failed to adequately explain why res judicata does not bar plaintiff's taking claim in its civil suit. Because plaintiff's subsequent civil suit involves the same transaction as its ZBA appeal in the circuit court, plaintiff's second suit is barred. By allowing plaintiff to file a second action alleging an unconstitutional taking, the Court authorizes splitting these actions in all future cases. This is exactly what the doctrine of res judicata was designed to prevent. As noted by this Court in *A Krolik & Co v Ossowski*, 213 Mich 1, 7 (1920): "The law abhors multiplicity of suits. Attempts to split a claim into separate causes of action have often met with disfavor." Therefore, I would deny leave to appeal.

TAYLOR, C.J., joins Parts I and III of the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 18, 2008

*Corbin R. Davis*

p0115

Clerk