**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JULY 2, 2003**

GWENDOLYN COLLINS,

    Plaintiff-Appellant,

v

                                    No. 121563

COMERICA BANK and CATHY MASALSKIS,

    Defendants-Appellees.

_____

PER CURIAM

The issue presented in this case concerns when the period of limitation begins to run for a claim of discriminatory termination of employment under the Civil Rights Act, MCL 37.2101 *et seq.*

## I. Background

Plaintiff Gwendolyn Collins was employed by defendant Comerica Bank as a customer-service representative. In August 1996, defendant[1] notified plaintiff that an investigation was

---

[1] For ease of reference, defendants Comerica Bank and Cathy Masalskis will collectively be referred to as "defendant."

being conducted to determine whether she had accepted cash gifts from customers or disclosed customer account balances to third parties.

On September 5, 1996, defendant suspended plaintiff, apparently for failing to cooperate with the investigation. While suspended, plaintiff was required to be available during normal working hours.[2] After the investigation was completed, defendant terminated plaintiff's employment on September 25, 1996.

On September 24, 1999, plaintiff filed a complaint alleging, inter alia, that the termination of her employment was the product of race and gender discrimination. Defendant moved for summary disposition on several grounds. One of the arguments advanced by defendant was that plaintiff failed to meet the applicable three-year period of limitation on filing discrimination claims, MCL 600.5805(10).

The circuit court denied the motion, concluding that plaintiff's causes of action for discriminatory termination arose on the date of termination, September 25, 1996. Therefore, plaintiff's filing of the complaint on September 24, 1999, satisfied the statute of limitations.

The Court of Appeals granted defendant interlocutory

---

[2] Plaintiff signed the following agreement:

I, Gwen Collins, understand effective Thursday, Sept. 5, 1996, I am being suspended indefinitely with pay pending further investigation. I understand that I must be available to the bank during my normal scheduled working hours.

leave to appeal. Relying primarily on *Parker v Cadillac Gage Textron, Inc*, 214 Mich App 288; 542 NW2d 365 (1995), the Court reversed the judgment of the circuit court, concluding that plaintiff's causes of action for discriminatory termination accrued on the last day plaintiff actually worked, September 5, 1996. Because plaintiff's complaint was filed on September 24, 1999, the Court of Appeals held that it was time-barred.

Plaintiff sought leave to appeal with this Court.

## II. Standard of Review

Whether a cause of action is barred by a statute of limitations is a question of law, which we review de novo. *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 62; 642 NW2d 663 (2002). Similarly, we review de novo decisions on summary disposition motions. *First Public Corp v Parfet*, 468 Mich 101, 104; 658 NW2d 477 (2003).

## III. Discussion

In *Parker,* the plaintiffs were advised on December 3, 1990, that they would be among the next group of employees to be laid off pursuant to a work force reduction plan. On December 21, 1990, the plaintiffs worked their last day. However, the defendant's records indicated that the plaintiffs' "effective date of separation" was January 7, 1991. The plaintiffs filed claims for discriminatory termination on January 7, 1994, and the defendant moved for summary disposition on the ground that the period of limitation had expired.

The Court of Appeals in *Parker* rejected the proposition

3

that the period of limitation on a discriminatory employment termination claim begins to run on the "effective date of separation," writing:

> A claim of discriminatory discharge accrues on the date the plaintiff is discharged. The last day worked is the date of discharge. Subsequent severance or vacation pay does not affect the date of discharge. In this case, plaintiffs filed their case more than three years after the date they were discharged. Despite the fact that January 7, 1991, *may have been* plaintiffs' "effective" date of separation, it is undisputed that the last day they actually worked was December 21, 1990. [*Parker, supra* at 290 (internal citations omitted).]

Relying on *Parker*, the Court of Appeals in the present case held that plaintiff's causes of action for discriminatory termination accrued on the last day she actually performed work for defendant. Because plaintiff was a suspended employee on the date of her termination, the Court of Appeals held that the day of her suspension served as her last day worked and, according to *Parker*, the date of her discharge.

Accordingly, the Court reversed the trial court's denial of defendant's motion for summary disposition, disagreeing with the trial court that the applicable period of limitation began to run on the date plaintiff was actually terminated from employment as a result of the investigation. The Court of Appeals concluded:

> Because plaintiff's last day of work was September 5, 1996, claims of race and gender discrimination were required to be filed on or before September 5, 1999. Since plaintiff's complaint was not filed until September 24, 1999, her discrimination claims were time-barred and the trial court erred when it denied defendant's motion for summary disposition on these claims. [Unpublished opinion per curiam, issued April 30,

4

2002 (Docket No. 227834), p 3.]

In sum, the Court of Appeals held that the limitation period for plaintiff's discrimination claims began to run on the date of her suspension, September 5, 1996, even though plaintiff's employment was not terminated until September 25, 1996. The Court did so because the last day plaintiff "actually worked" was the date of her suspension on September 5, 1996, and the Court read *Parker* as instructing that the last day worked is *always* the date of discharge. We disagree.

Properly understood, *Parker*'s "last day worked" holding is limited to situations where a discriminatory discharge claim has already surfaced. We agree with *Parker*'s holding because the "effective date of separation" there was not the date of discharge. Rather, where a plaintiff has already been subjected to an alleged discriminatory termination, a cause of action naturally accrues on the last day an employee worked.

However, if a discharge has yet to occur, it cannot be said that the last day worked represents the discharge date. Simply put, a claim for discriminatory discharge cannot arise until a claimant has been discharged. Accordingly, the "last day worked" cannot represent the date of discharge, as held in *Parker*, where a claimant's last day actually worked precedes the discharge.

In the present case, even though plaintiff was suspended on September 5, 1996, and in retrospect that date represents the last day she *actually worked*, it was not until September 25, 1996 that she was *actually discharged*, or terminated, from

5

employment. Unlike the plaintiffs in *Parker* who knew on the last day they worked that their employment had been terminated and that they were being discharged as employees on that date, on September 5, 1996, plaintiff in this case only knew that she had been suspended indefinitely.

On September 5, 1996, plaintiff had *not* been terminated and thus had no causes of action based on her discharge on that date. In fact, although it may have been a foregone conclusion that the investigation would lead to plaintiff's termination, it is clear that plaintiff's official status as an employee was nothing other than "suspended" until September 25, 1996, when her employment was terminated as a result of the investigation. "Suspended" does not equate with "terminated" or "discharged," and, thus, being suspended does not create a cause of action for discharge or termination.

Accordingly, plaintiff's causes of action for discriminatory termination had yet to arise on the date of her suspension, September 5, 1996, and the limitation period does not begin to run before a cause of action accrues. Plaintiff had no causes of action for discriminatory *termination* on September 5, 1996.[3]

Because we hold that plaintiff's causes of action for

---

[3] We note that *Sumner v The Goodyear Tire & Rubber Co*, 427 Mich 505; 398 NW2d 368 (1986), does not compel a different result. *Sumner* concerned the "continuing violation theory," which is not relevant to a cause of action for discriminatory *termination* of employment, because a termination occurs at a fixed time and is not susceptible to being a continuing violation. Plaintiff has filed suit for discriminatory termination, not discriminatory suspension.

discriminatory termination did not arise until the date she was discharged as an employee, September 25, 1996, plaintiff's filing of her complaint on September 24, 1999 satisfied the three-year period of limitation. Accordingly, the trial court properly denied defendant's motion for summary disposition on this ground.

## IV. Conclusion

For these reasons, we reverse in part the judgment of the Court of Appeals and remand to that Court for further proceedings consistent with this opinion.[4]  In all other respects, leave to appeal is denied.[5]

> Maura D. Corrigan
> Elizabeth A. Weaver
> Clifford W. Taylor
> Robert P. Young, Jr.
> Stephen J. Markman

CAVANAGH and KELLY, JJ.

We concur in the result only.

> Michael F. Cavanagh
> Marilyn Kelly

---

[4] Because the Court of Appeals dismissed plaintiff's discrimination claims on the basis of a statute of limitations analysis, it did not address defendant Masalskis's alternative issue concerning whether she was properly served. Accordingly, the Court of Appeals should address this matter on remand.

[5] We do not disrupt the judgment of the Court of Appeals regarding the timeliness of plaintiff's claims for tortious interference of contract and business relations and invasion of privacy.

7