**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

**FILED MARCH 8, 2005**

JACQUELYN V. MAGEE,

    Plaintiff-Appellee,

v                             No. 126219

DAIMLERCHRYSLER CORPORATION,

    Defendant-Appellant.

_____

**PER CURIAM**

In this case involving the Civil Rights Act, the Court of Appeals held that plaintiff's claims of sexual harassment, sex and age discrimination, and retaliation were timely filed, because the lawsuit was brought within three years of the date she resigned her employment with defendant.[1]

We conclude that plaintiff's claims were not filed within the limitations period because none of the alleged discriminatory or retaliatory conduct occurred within the

---

[1] Unpublished memorandum opinion, issued March 2, 2004 (Docket No. 243847).

three years that preceded the filing of the complaint. We therefore reverse that part of the judgment of the Court of Appeals and remand the matter to the trial court for reinstatement of the trial court's grant of summary disposition to defendant.

I

Plaintiff Jacquelyn Magee was an hourly production employee who began work for defendant DaimlerChrysler in 1976. She went on medical leave for emotional distress on September 12, 1998, and, without first returning to work, resigned her job on February 2, 1999.

On February 1, 2002, Magee filed a lawsuit under the Civil Rights Act, MCL 37.2101 *et seq.*, claiming that she had been unlawfully discriminated against and harassed during most of her twenty-two years at DaimlerChrysler. Magee's complaint lists separate counts for sex harassment based on hostile work environment, sex harassment based on quid pro quo harassment, retaliation, sex discrimination, and age discrimination.[2]

---

[2] Magee's complaint also includes a separate count alleging constructive discharge. The trial court dismissed this count, and the Court of Appeals affirmed the trial court's ruling. Magee did not appeal, and the dismissal of that claim is not before this Court.

In her complaint, Magee alleges that she suffered harassment from the 1980s until her last day of work on September 12, 1998, and that her supervisors periodically retaliated against her during this period as a result of her resistance to the harassment. Magee alleges that this constant harassment caused her to leave her job at DaimlerChrysler on September 12, 1998, and that she decided to resign on February 2, 1999, because she anticipated that the harassment would continue if she returned.

DaimlerChrysler moved for summary disposition, asserting that Magee's February 1, 2002, complaint failed to allege any discriminatory acts after September 12, 1998, and that the complaint was therefore not filed within the three-year period of limitations applicable to Civil Rights Act claims, MCL 600.5805(10).

The trial court initially denied DaimlerChrysler's motion without prejudice, allowing Magee to amend her complaint to allege harassment or retaliation occurring up to her February 2, 1999, resignation. However, because Magee's amended complaint continued to allege only harassment and retaliation through September 12, 1998, her last day of work, the trial court granted DaimlerChrysler's motion and dismissed Magee's complaint.

Magee appealed the trial court's ruling to the Court of Appeals, which relied on this Court's recent decision in *Collins v Comerica Bank*, 468 Mich 628; 664 NW2d 713 (2003), to reverse the lower court's dismissal of the harassment, retaliation, and discrimination claims. The Court of Appeals concluded that these claims were timely, because they were filed within three years of the date of Magee's resignation.

DaimlerChrysler then sought leave to appeal to this Court. After hearing oral argument from both parties on the application, this Court has now determined that the Court of Appeals misapplied *Collins* and erroneously reinstated Magee's Civil Rights Act claims.

## II

In the absence of disputed facts, whether a cause of action is barred by the applicable statute of limitations is a question of law, which this Court reviews de novo. *Boyle v Gen Motors Corp*, 468 Mich 226, 229-230; 661 NW2d 557 (2003). Likewise, this Court reviews de novo rulings on summary disposition motions. *Neal v Wilkes,* 470 Mich 661, 664; 685 NW2d 648 (2004).

## III

In *Collins*, *supra* at 633, this Court held that a cause of action for discriminatory termination does not accrue

4

until the date of termination. The plaintiff employee, Gwendolyn Collins, was suspended pending an investigation; when the investigation was completed several weeks later, her employment was terminated. Within three years of her termination, Collins filed a complaint alleging that her termination was the result of race and gender discrimination. The Court of Appeals ruled that Collins's suit was not timely under the three-year period of limitations because her causes of action accrued on the last day that she actually performed employment duties (as opposed to her later termination date). This Court disagreed with the Court of Appeals last-day-worked analysis and reversed, holding that a claim for discriminatory discharge cannot arise until a claimant has actually been discharged. *Id*.

Relying on *Collins*, the Court of Appeals in this case reasoned that Magee's claim also accrued on her termination date as opposed to her last day of work. The Court acknowledged that Magee resigned, and was not terminated. But it found significant that "her last day of work was followed by a period in which she was on a medical leave of absence" and that she was employed by DaimlerChrysler while on leave. Accordingly, it concluded that her causes of action, if any, arose on February 2, 1999.

5

The Court of Appeals reliance on *Collins* to reinstate Magee's claims of sexual harassment, sex and age discrimination, and retaliation is misplaced. Magee was never terminated from her employment and does not allege discriminatory termination. She bases her Civil Rights Act claims on alleged discriminatory conduct that occurred before her leave of absence. Indeed, when given a chance to amend her complaint to plead claims falling within the period of limitations, Magee was unable to do so. *Collins*, a discriminatory termination case, simply does not apply in this situation.

To determine whether Magee's claims were timely filed, we look to MCL 600.5805(10), which establishes that the applicable period of limitations is three years from the date of injury. Because Magee alleged no discriminatory conduct occurring after September 12, 1998, the period of limitations on Magee's claims expired, at the latest, three years from that date, or by September 12, 2001. Accordingly, as the trial court held, Magee's February 1, 2002, complaint was not timely filed.

The dissent argues that the defendant violated the Civil Rights Act within the three years preceding the filing of plaintiff's claim by failing to "prevent future harassment . . . ." *Post* at 3. This interpretation of the

6

Civil Rights Act amounts to a continuing violations doctrine in which an employer is continuously liable from the time it or its agent violates the act until the time that violation is remedied by the employer. Thus, in Justice CAVANAGH's view, a plaintiff subjected to a hostile work environment on December 31, 2005, may file a timely complaint in December 2030 if the employer has failed to remedy the sexual harassment in the ensuing twenty-five years. This theory renders nugatory the period of limitations established by the Legislature in MCL 600.5805(10). It is therefore a theory we must reject.[3]

For these reasons, we reverse the relevant part of the judgment of the Court of Appeals and remand this case to the Macomb Circuit Court for reinstatement of the order granting DaimlerChrysler's motion for summary disposition.

Clifford W. Taylor
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

---

[3] *Wickens v Oakwood Healthcare Sys,* 465 Mich 53, 60; 631 NW2d 686 (2001).

**S T A T E   O F   M I C H I G A N**

**SUPREME COURT**

JACQUELYN V. MAGEE,

    Plaintiff-Appellee,

v                                            No. 126219

DAIMLERCHRYSLER CORPORATION,

    Defendant-Appellant.

_____

WEAVER, J. *(concurring)*.

I concur in the result of the opinion per curiam that reverses the Court of Appeals judgment in part and remands the matter to the trial court for reinstatement of the trial court's grant of summary disposition to defendant. Under the facts pleaded by plaintiff, the three-year period of limitations[1] began to run when plaintiff went on medical leave on September 12, 1998, for emotional distress. Plaintiff's claims were required to be filed within three years of September 12, 1998. Because they were not, the trial court was correct to grant summary disposition to defendant. Therefore, I concur in the result of the opinion per curiam.

                               Elizabeth A. Weaver

_____

[1] MCL 600.5805(10).

# STATE OF MICHIGAN

## SUPREME COURT

JACQUELYN V. MAGEE,

    Plaintiff-Appellee,

v                                                                No. 126219

DAIMLERCHRYSLER CORPORATION,

    Defendant-Appellant.

_____

CAVANAGH, J. (*dissenting*).

I disagree with the majority's contention that defendant engaged in no discriminatory conduct during the three years that preceded the filing of plaintiff's complaint. Therefore, I must respectfully dissent.

Plaintiff began working for defendant in 1976. Over the years, plaintiff complained of various incidents of harassment. Plaintiff complained that her foreman was making sexual advances toward her. When plaintiff was assigned to a different supervisor, her former foreman still worked in the same complex and continued to harass her. Because of the harassment, plaintiff was ordered by her psychiatrist to take an approximately four-month medical leave. When plaintiff returned from her medical

leave, her former foreman was still working in the *same complex as plaintiff.*

A subsequent foreman of plaintiff's also made sexual advances toward her, including intentionally touching plaintiff's breast. For an entire year, plaintiff also complained to defendant about a sign in the men's restroom that referred to plaintiff in a derogatory and sexually suggestive manner. Because of the stress of the harassment she continued to suffer, plaintiff was ordered to take another medical leave of absence.

While she was employed by defendant, plaintiff's union steward also made sexually suggestive comments about plaintiff's "ass" and touched her in an inappropriate manner. Plaintiff's coworkers made sexually suggestive comments about her body and began hitting her with cardboard sticks. When plaintiff asked her union steward to intercede, he just laughed and said, "Yea, hit that ass." Plaintiff repeatedly complained to defendant, yet nothing was done. When plaintiff requested a transfer, her union steward told her that she could transfer if she had sex with him. Once plaintiff was transferred, the union steward told her that she "owed" him and he wanted her to have sex with him. He later stopped plaintiff from training for another position because she was not having

2

sex with him.  Plaintiff again complained to a foreman, but he said there was nothing he could do.  Because of the stress plaintiff was suffering as a result of the harassment, plaintiff was then ordered to take a *third* medical leave.

Because defendant took no steps to stop the harassment while plaintiff was on her third medical leave, she was forced to decide not to return to the harassing environment.  Defendant's discriminatory conduct in failing to take steps to prevent future harassment continued throughout plaintiff's medical leave.  Requiring plaintiff to return to the harassing setting to work in the unchanged environment would be unreasonable and possibly dangerous to plaintiff's health, considering that her doctor had ordered *three* medical leaves because of the stress of the harassment.  As plaintiff explained, in order to have even been considered for a *possible* transfer to another plant after having been out on her third harassment-related medical leave, she would have had to return to the plant she left and hope for a transfer, despite that her multiple complaints had garnered no response before or during her medical leave.  Thus, for plaintiff to be able to try and leave the harassing environment, she would have had to return to work with the *same men* who harassed her and whose

conduct necessitated that plaintiff take medical leaves in the first place, without any assurance that defendant would protect her.

This case presents a unique set of circumstances because plaintiff's doctor-ordered medical leave was directly related to the harassment. Plaintiff's final medical leave was actually her *third* leave related to the stress of the harassment she suffered. Defendant maintained a hostile work environment despite plaintiff's repeated complaints. Defendant's failure to stop the harassment after these complaints is, under the facts of this case, discriminatory conduct. Because this conduct occurred during the three years that preceded the filing of plaintiff's lawsuit, I find that her complaint was timely filed. Accordingly, I respectfully dissent.

Michael F. Cavanagh
Marilyn Kelly