Traci L. WOOMERT, Plaintiff–
Appellant,

v.

IOWA CIVIL RIGHTS COMMISSION,
Defendant–Appellee.

No. 07–1352.

Court of Appeals of Iowa.

June 25, 2008.

Steven E. Ballard of Leff Law Firm,
L.L.P., Iowa City, for appellant.

Thomas J. Miller, Attorney General, and
Teresa Baustian, Assistant Attorney General, for appellee.

Heard by SACKETT, C.J., and
HUITINK and MAHAN, JJ.

SACKETT, C.J.

Traci Woomert appeals from the district
court's decision on judicial review that affirmed the Iowa Civil Rights Commission's

dismissal of her employment discrimination complaint as untimely. She contends the court erred in concluding the discriminatory act was the notice her contract would not be renewed, not the date of her discharge. She also contends her complaint was timely because the date after her contract expired marked (1) either a continuing or discrete act of discrimination or (2) a discriminatory failure to hire. We affirm the district court.

## I. Background Facts and Proceedings.

Appellant began working for the Washington Golf and Country Club in 1999 and continued under a series of one-year employment contracts. On February 8, 2006, the club's board of directors unanimously decided not to renew her contract when it expired on March 31, 2006. On February 9 a representative of the board notified appellant of the board's decision not to renew her contract. Appellant continued to work through the end of her contract. Based on her discussions with coworkers and others, appellant believed the reason her contract was not renewed was because of her sex.

On September 27, 2006 appellant filed an employment discrimination complaint with the Iowa Civil Rights Commission. She alleged her employment contract was not renewed because of her sex. She asserted a former board member told her "a lot of people weren't happy there was a girl working out there." On October 11, the commission notified appellant her complaint was closed as "not timely" because it w as filed fifty days past the 180–day filing limitation in the statute. Her subsequent application for reopening was denied on November 15.

Appellant sought judicial review of the commission's action closing her complaint. She alleged the commission's conclusion the unfair or discriminatory employment

practice occurred on February 9, "is beyond the authority delegated to respondent; is based on an erroneous interpretation of Iowa Code § 216.15(12) [2005]; and is otherwise unreasonable, arbitrary, capricious, or constituting an abuse of discretion." *See* Iowa Code §§ 17A.19(10)(b), (c), and (n) (2005). Following a telephonic hearing on July 20, 2007, the court issued its ruling on August 3. The court ruled:

Traci contends the computation of the 180 days begins with the date she left employment. The Commission contends the date is computed from the day she received notice of her termination, February 9, 2006. The base issue becomes the date the alleged discriminatory or unfair practice occurred. Traci alleges she was terminated because of her gender. The court finds that the alleged discriminatory act occurred at the time she was notified of her termination on February 9, 2006, rather than March 31 / April 1, 2006, her last date of actual work and the expiration of her contract. It is the termination based on her gender that is the discriminatory act, not her last day of work or the expiration of her contract. . . .

Upon a consideration of the entire record, the court finds there is substantial evidence to support the Commission's decision.

Traci failed to file her complaint timely pursuant to section 216.15(12) Code of Iowa.

The court found the complaint was filed within 180 days of April 1, but not within 180 days o f February 9. The court affirmed the commission's determination and dismissed the petition for judicial review.

## II. Scope of Review.

██ Our review is governed by Iowa Code chapter 17A (2005). *Acuity Ins. v. Foreman,* 684 N.W.2d 212, 216 (Iowa

2004). The district court acts in an appellate capacity to correct errors of law on the part of the agency. *Grundmeyer v. Weyerhaeuser Co.*, 649 N.W.2d 744, 748 (Iowa 2002). We review the district court's decision by applying the standards of section 17A.19 to the agency action to determine if our conclusions are the same as those reached by the district court. *University of Iowa Hosps. & Clinics v. Waters*, 674 N.W.2d 92, 95 (Iowa 2004).

## III. Analysis.

The language of Iowa's civil rights act concerning the trigger for the 180 day limitation period is nearly identical to the federal statute. The federal civil rights act requires that a charge be filed within 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. 2000e–5(e)(1) (2000). Iowa Code section 216.15(12) requires that a complaint be filed within 180 days "after the alleged discriminatory or unfair practice occurred." Iowa Code section 216.6(1)(a) (2005), relating to employment, provides it is "an unfair or discriminatory practice" for any person:

> to refuse to hire, accept, register, classify, or refer for employment, *to discharge* any employee, or to otherwise discriminate in employment against any applicant for employment or any employee because of the age, race, creed, color, sex, national origin, religion or disability of such applicant or employee, . . . .

(Emphasis added.)

■ The time a "discharge" occurs is not specified.

Our civil rights act is patterned after the federal civil rights act. Thus, we find federal interpretation of the federal act instructive. However, our review of both federal and state cases reveals a split of authority on when the limitations period begins. Generally, courts find

the period begins on the date the employee was notified of the discharge or the date the employee left the employment.

*Ritz v. Wapello County Bd. of Sup'rs*, 595 N.W.2d 786, 792 (Iowa 1999) (citations omitted). In ` Ritz, the question of when the 180–day limitation period is triggered was not properly before the court, so it "decline[d] to address the issue of when discharge' occurs for the purpose of triggering the 180–day limitations period." *Id.* at 793.

The United States Supreme Court has twice addressed the issue of what "unlawful employment practice" triggers a filing limitation period. In *Delaware State College v. Ricks*, 449 U.S. 250, 258, 101 S.Ct. 498, 504, 66 L.Ed.2d 431, 439–40 (1980), the Court held the limitation period was triggered on the date the college decided not to grant tenure to Ricks, not the date his contract ended over a year later. A year later, in *Chardon v. Fernandez*, 454 U.S. 6, 8, 102 S.Ct. 28, 29, 70 L.Ed.2d 6, 8–9 (1981), the Court followed *Ricks* in holding the period was triggered on the date the decision to terminate was made, not on the date employment was terminated. The State urges us to follow this interpretation when examining the limitation in Iowa Code section 216.15(12) ("within 180 days after the alleged discriminatory or unfair practice occurred").

State courts are split over whether to follow the "Ricks/Chardon" rule when interpreting their own state statutes. Appellant urges us to follow the minority of states that have declined to follow the federal approach. *See, e.g., Romano v. Rockwell Int'l, Inc.*, 14 Cal.4th 479, 59 Cal.Rptr.2d 20, 926 P.2d 1114 (1996); *Ross v. Stouffer Hotel Co.*, 76 Hawai'i 454, 879 P.2d 1037 (1994); *Collins v. Comerica Bank*, 468 Mich. 628, 664 N.W.2d 713 (2003); *Vollemans v. Town of Wallingford*,

103 Conn.App. 188, 928 A.2d 586 (2007); *Alderiso v. Med. Ctr. of Ocean County,* 167 N.J. 191, 770 A.2d 275 (2001); *Holmin v. TRW, Inc.,* 330 N.J.Super. 30, 748 A.2d 1141 (App.Div.2000); *Keelan v. Bell Commc'ns Research,* 289 N.J.Super. 531, 674 A.2d 603 (App.Div.1996). She contends the plain language of chapter 216 concerning when a discriminatory or unfair practice has occurred should prevail over contrary federal interpretations and it better comports with public policy and the liberal interpretation we give to our civil rights statute. In the alternative, she contends April 1, 2006, is the date marking "a continuing or discrete act of discrimination." For the reasons that follow, we conclude Iowa follows the federal interpretation and affirm the decision of the district court and the agency.

Because Iowa's civil rights statute, Iowa Code chapter 216, is modeled after the federal civil rights statute, "we have consistently employed federal analysis when interpreting" Iowa's statute. *Estate of Harris v. Papa John's Pizza,* 679 N.W.2d 673, 677–78 (Iowa 2004); *see, e.g., Pecenka v. Fareway Stores, Inc.,* 672 N.W.2d 800, 803 (Iowa 2003); *Ritz v. Wapello County Bd. of Sup'rs,* 595 N.W.2d 786, 792 (Iowa 1999); *Annear v. State,* 419 N.W.2d 377, 378–79 (Iowa 1988). As noted above, the Supreme Court has held that the "unlawful employment practice" that starts the running of the limitations period for filing a claim is the decision by the employer and its communication to the affected employee. *See Ricks,* 449 U.S. at 258–59, 101 S.Ct. at 504, 66 L.Ed.2d at 439–40; *Chardon,* 454 U.S. at 7–8, 102 S.Ct. at 29, 70 L.Ed.2d at 8–9. We see no reason to depart from the federal analysis when applying Iowa law to the circumstances before us.

In the case at bar, the board made the decision not to renew her employment contract on February 8 and communicated it to appellant the next day. "Mere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." *Ricks,* 449 U.S. at 257, 101 S.Ct. at 504, 66 L.Ed.2d at 439. Just as prior renewals of her contract preceded the actual end of the contract term, this non-renewal preceded the end of the contract term. There was no subsequent act of discrimination. The expiration of appellant's employment contract was merely "the time at which the *consequences* of the act[ ] became most painful." *Id.* at 258, 101 S.Ct. at 504, 66 L.Ed.2d at 440 (quoting *Abramson v. Univ. of Hawaii,* 594 F.2d 202, 209 (9th Cir.1979)). We conclude the 180–day limitations period began to run when appellant was notified of the board's discriminatory employment action. The subsequent expiration of her employment contract was not a separate discriminatory act or the end of continuing discrimination. The only discriminatory action by the board was the non-renewal of appellant's employment contract. That act occurred more than 180 days before she filed her claim. The agency was correct in dismissing her claim as untimely. We affirm the decision of the district court that upheld the agency's dismissal of appellant's claim.

**AFFIRMED.**