# STATE OF MICHIGAN

# COURT OF APPEALS

PENNY GAMBLE and JOSEPH GAMBLE,

        Plaintiffs-Appellants,

v

DAVID M. KOLAKOWSKI, DDS, and DAVID
M. KOLAKOWSKI, DDS, PC,

        Defendants-Appellees.

UNPUBLISHED
April 21, 2016

No. 326178
Macomb Circuit Court
LC No. 2012-005401-NH

Before: JANSEN, P.J., and SERVITTO and M. J. KELLY, JJ.

PER CURIAM.

This case involving claims arising from dental malpractice returns to us after remand. See *Gamble v Kolakowski*, unpublished opinion per curiam of the Court of Appeals, issued October 9, 2014 (Docket No 316475). On appeal, plaintiffs, Penny and Joseph Gamble (collectively, the Gambles), appeal by right the trial court's order granting the motion for summary disposition by defendants, David M. Kolakowski, DDS, and David M. Kolakowski, DDS, PC. We conclude that the trial court did not err when it dismissed the Gambles' claims as untimely. Accordingly, we affirm.

In June 2002, Penny Gamble had a root canal on a tooth. She later treated with Kolakowski and he performed a "post and core build-up" in January 2010. According to the Gambles, the post was too large, and caused the root to fracture. Penny Gamble stated that she began to experience severe pain, irritation, and discomfort a few days later. She continued to see Kolakowski for the problems with the tooth until April 2011.

The Gambles served Kolakowski and his practice with a notice of intent to sue on December 22, 2011, and filed their original complaint on June 19, 2012. That complaint, however, did not contain an affidavit of merit, and the trial court dismissed it without prejudice. The Gambles filed the present complaint on December 5, 2012. They attached an affidavit of merit by a specialist to that complaint, but Kolakowski was a general dentist. The trial court granted a motion for summary disposition by Kolakowski and his practice on the ground that the affidavit of merit was faulty.

On appeal, this Court concluded that the trial court did not err when it determined that the affidavit of merit was faulty and affirmed its decision to dismiss. We remanded, however, for the trial court to consider whether the dismissal should be with prejudice.

On remand, Kolakowski and his practice argued that dismissal should be with prejudice because the period of limitations had expired. Specifically, they asserted that the Gambles' claims accrued either on December 9, 2009, which is when Kolakowski made an allegedly negligent treatment plan, or on January 20, 2010, which is when they claimed Kolakowski negligently placed a post that was too large without Penny Gamble's informed consent.

The Gambles provided the trial court with a chart that listed more than 30 dates, which spanned from the placement of the post on January 20, 2010, to her final visit with a different dentist on July 30, 2012. They argued that each date amounted to a separate accrual date. The Gambles also moved for permission to amend their complaint, to strike the expert retained by Kolakowski and his practice, and for summary disposition in their favor. After hearing the arguments, the trial court determined that the latest accrual date for the claims at issue was January 20, 2010. Because the period of limitations had passed by the time the Gambles sued Kolakowski and his practice, it determined that the dismissal should be with prejudice. The trial court also noted that the Gambles' other motions were not properly before it under the terms of the remand and, in any event, were moot in light of its determination.

On appeal, the Gambles argue that the trial court erred when it determined that their claims were time-barred. "Whether a cause of action is barred by a statute of limitations is a question of law, which we review de novo." *Collins v Comerica Bank*, 468 Mich 628, 631; 664 NW2d 713 (2003). A plaintiff must file his or her claim of medical malpractice within two years of the date the claim accrued or it will be barred. See MCL 600.5805(6); MCL 600.5838a(2). A claim involving medical malpractice accrues "at the time of the act or omission that is the basis for the claim of medical malpractice, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim." MCL 600.5838a(1). The Legislature's decision to have the accrual date in medical malpractice actions begin on the date of the act or omission amounts to a "clear rejection of the notion that the existence of a continuing physician-patient relationship by itself could extend the accrual date beyond the specific, allegedly negligent act or omission charged." *McKiney v Clayman*, 237 Mich App 198, 203; 602 NW2d 612 (1999). "In the context of a physician's continued adherence to an initial diagnosis or treatment plan . . ., it is insufficient to merely allege that the defendant breached the standard of care by continuing to adhere to the original diagnosis or treatment plan." *Kincaid v Cardwell*, 300 Mich App 513, 530; 834 NW2d 122 (2013).

In this case, the Gambles' claims arise from the allegedly negligent treatment of Penny Gamble's tooth on January 20, 2010. On that day, Kolakowski purportedly damaged Penny Gamble's tooth and root by placing a post that was too large and without properly informing her about the procedure. All of the pain and subsequent treatments arose from that event and the Gambles have not adequately pleaded that the subsequent treatments constituted discreet acts of negligence that caused a specific harm. See *id.* at 530-531. Rather, they maintain that these subsequent dates constitute separate accrual dates because Kolakowski attempted to treat the harm caused by his negligence in January 2010. Kolakowski's placement of a crown in February 2010, Penny's complaints of pain in March 2011, and the eventual extraction of the tooth on April 6, 2011, all relate to Kolakowski's original act placing the post. The Gambles' arguments to the contrary are an attempt to do what the Legislature clearly rejected, and permit "a continuing physician-patient relationship [to] extend the accrual date beyond the specific, allegedly negligent act" of placing the post. *McKiney*, 237 Mich App at 203.

Under MCL 600.5838a(1), the Gambles' claims accrued, and the two-year period of limitations stated under MCL 600.5805(6) began running, on January 20, 2010. Consequently, the two-year period expired on January 20, 2012. With the tolling provided under MCL 600.5856(c), the Gambles had until June 21, 2012, to sue Kolakowski and his practice. They timely filed their original complaint on June 19, 2012, but the trial court dismissed it. Although the filing of a complaint usually further tolls the period of limitations, see MCL 600.5856(a), when a "medical malpractice plaintiff wholly omits to file the affidavit [of merit] . . . the filing of the complaint is ineffective, and does not work a tolling of the applicable period of limitation." *Scarsella v Pollak*, 461 Mich 547, 553; 607 NW2d 711 (2000). Therefore, the filing of the original complaint without an affidavit of merit did not toll the period of limitations. Because the Gambles did not file the complaint at issue here until approximately six months later, the trial court did not err when it determined that their complaint was time-barred. For the same reason, the trial court did not err when it determined that the Gambles' motions on remand were moot. *BP 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998).

The trial court properly dismissed the Gambles' claims with prejudice under MCR 2.116(C)(7).

Affirmed. As the prevailing parties, Kolakowski and his practice may tax their costs. MCR 7.219(A).

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael J. Kelly