*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

METTLER WALLOON LLC,

      Plaintiff-Appellant,

v

CHARLEVOIX COUNTY TREASURER and
MELROSE TOWNSHIP,

      Defendants-Appellees.

UNPUBLISHED
September 21, 2023

No. 362484
Charlevoix Circuit Court
LC No. 21-039727-CH

Before: SWARTZLE, P.J., and O'BRIEN and FEENEY, JJ.

PER CURIAM.

Plaintiff owned real property that was foreclosed on because of delinquent property taxes. Melrose Township purchased the property for a "minimum bid," and plaintiff alleged that defendants took the property without just compensation. The trial court granted defendants summary disposition. We affirm on different grounds.

Plaintiff owed $9,835.80 in delinquent property taxes, fees, penalties, and/or interest on the property it owned in Melrose Township. The Charlevoix County Treasurer filed a judgment of foreclosure that was granted on February 16, 2018, under MCL 211.78k. Plaintiff failed to timely redeem the property, the judgment of foreclosure became effective on April 2, 2018, and the Charlevoix County Treasurer took absolute title to the property. Melrose Township purchased the property from the Charlevoix County Treasurer for a "minimum bid" of $9,766.99 under the then-existing MCL 211.78m(1). It was alleged that at the time of the foreclosure the property had an assessed value of $95,100 under MCL 211.27a(1).

Plaintiff sued defendants on April 1, 2021, alleging, among other claims, that defendants had taken plaintiff's private property for public use without just compensation under the Takings Clause of the Michigan and United States Constitutions, Const 1963, art 10, § 2; US Const, Am V. Plaintiff and the Charlevoix County Treasurer moved for summary disposition under MCR 2.116(C)(10), and Melrose Township moved for summary disposition under MCR 2.116(C)(7) and (C)(8). During the hearing regarding summary disposition, the Charlevoix County Treasurer argued for the first time that plaintiff's claim was untimely under MCL 211.78*l* because it was

-1-

brought more than two-years after the foreclosure. The trial court ordered supplemental briefing on the statutory period of limitations, which the parties submitted.

The trial court, subsequently, held that the statutory period of limitations argument was moot because, even if plaintiff's claim was timely, plaintiff's claim was foreclosed by our Supreme Court's holding in *Rafaeli, LLC v Oakland County*, 505 Mich 429; 952 NW2d 434 (2020), and the trial court granted defendants summary disposition under MCR 2.116(C)(10).

Plaintiff now appeals.

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (cleaned up). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632.

To the extent that summary disposition may have been appropriate under MCR 2.116(C)(7) instead of (C)(10), this Court may affirm an order granting summary disposition if summary disposition would have been correctly granted under a different subrule. *Spiek v Dep't of Transp*, 456 Mich 331, 338 n 9; 572 NW2d 201 (1998). "If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide." *Moraccini v City of Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012) (cleaned up). "Subrule (C)(7) permits summary disposition when the claim is barred by an applicable statute of limitations." *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010).

This case arises out of defendants' actions under the General Property Tax Act (GPTA), MCL 211.1 *et seq*, which was amended by 2020 PA 256. The amendment had not yet been enacted when the property was foreclosed, and, under the then-existing version of MCL 211.78m, the township in which the property was located could purchase the property from the foreclosing governmental unit for the "minimum bid" after the state declined to purchase the property. The "minimum bid" was defined as the amount of tax delinquency, including interest, penalties, and fees due on the property. MCL 211.78m(11).

Plaintiff argues that it has a constitutional right to have the property sold at public auction, under the GPTA's amended process, because the property's value was taken without just compensation when the property's value far outweighed the minimum bid. Defendants argue that our Supreme Court in *Rafaeli* expressly foreclosed plaintiff's claim because it held that "a former property owner has a compensable takings claim if and only if the tax-foreclosure sale produces a surplus." *Id*. at 477. In this case, there was no public auction and there were no surplus proceeds.

In light of *Rafaeli*, plaintiff argues that the Sixth Circuit Court of Appeals has held that the then-existing minimum-bid process was unconstitutional. In *Hall v Meisner*, 51 F4th 185, 194 (CA 6, 2022), the Court held that the GPTA "flatly contravened…long-settled principles when it allowed [the foreclosing governmental unit] to take absolute title to the plaintiffs' homes as

payment for their tax delinquencies," and the GPTA allowed the state to "sidestep the Takings Clause by disavowing traditional property interests long recognized under state law."

This Court is not bound by *Hall*, however, and even though this Court may find *Hall* persuasive, we do not need to reach the merits of this case because plaintiff's claim was untimely. Although the statutory period of limitations was not raised as an issue by the parties on appeal, the parties raised the issue in the trial court and the trial court ruled that the issue was moot. "A statutory limitations period represents a legislative determination of that reasonable period of time that a claimant will be given in which to file an action." *Lothian v Detroit*, 414 Mich 160, 165; 324 NW2d 9 (1982). The application of a statutory period of limitation presents a question of law, *Collins v Comerica Bank*, 468 Mich 628, 631; 664 NW2d 713 (2003), and the facts necessary to resolve this question are present in the record.

Defendants argued that MCL 211.78*l* required plaintiff to bring his claim within two years of the foreclosure. Plaintiff responded that the statutory period of limitation in MCL 211.78*l* was added by 2020 PA 256 and it was not retroactive. Plaintiff ignores, however, that the then-existing MCL 211.78*l* also contained the two-year statutory period of limitation. The then-existing MCL 211.78*l*(3) stated in full, "An action to recover monetary damages under this section shall not be brought more than 2 years after a judgment for foreclosure is entered under section 78k."

In this case, the judgment of foreclosure was entered on April 2, 2018, and plaintiff brought its claim on April 1, 2021. More than two years elapsed between the judgment of foreclosure and plaintiff filing its claim. Therefore, plaintiff's claim was barred by the statutory period of limitations, and the trial court did not err by granting defendants summary disposition.

Affirmed.

/s/ Brock A. Swartzle
/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney