PER CURIAM.
In this case involving the Civil Rights Act, the Court of Appeals held that plaintiffs claims of sexual harassment, sex and age discrimination, and retaliation were timely filed, because the lawsuit was brought within three years of the date she resigned her employment with defendant.[1]
We conclude that plaintiffs claims were not filed within the limitations period because none of the alleged discriminatory or retaliatory conduct occurred within the three years that preceded the fifing of the complaint. We therefore reverse that part of the judgment of the Court of Appeals and remand the matter to the trial court for reinstatement of the trial court’s grant of summary disposition to defendant.
i
Plaintiff Jacquelyn Magee was an hourly production employee who began work for defendant Daimler- *110 Chrysler in 1976. She went on medical leave for emotional distress on September 12, 1998, and, without first returning to work, resigned her job on February 2, 1999.
On February 1, 2002, Magee filed a lawsuit under the Civil Rights Act, MCL 37.2101 et seq., claiming that she had been unlawfully discriminated against and harassed during most of her twenty-two years at Daimler-Chrysler. Magee’s complaint lists separate counts for sex harassment based on hostile work environment, sex harassment based on quid pro quo harassment, retaliation, sex discrimination, and age discrimination.[2]
In her complaint, Magee alleges that she suffered harassment from the 1980s until her last day of work on September 12, 1998, and that her supervisors periodically retaliated against her during this period as a result of her resistance to the harassment. Magee alleges that this constant harassment caused her to leave her job at DaimlerChrysler on September 12, 1998, and that she decided to resign on February 2, 1999, because she anticipated that the harassment would continue if she returned.
DaimlerChrysler moved for summary disposition, asserting that Magee’s February 1, 2002, complaint failed to allege any discriminatory acts after September 12,1998, and that the complaint was therefore not filed within the three-year period of limitations applicable to Civil Rights Act claims, MCL 600.5805(10).
The trial court initially denied DaimlerChrysler’s motion without prejudice, allowing Magee to amend her complaint to allege harassment or retaliation occurring *111 up to her February 2, 1999, resignation. However, because Magee’s amended complaint continued to allege only harassment and retaliation through September 12, 1998, her last day of work, the trial court granted DaimlerChrysler’s motion and dismissed Magee’s complaint.
Magee appealed the trial court’s ruling to the Court of Appeals, which relied on this Court’s recent decision in Collins v Comerica Bank, 468 Mich 628; 664 NW2d 713 (2003), to reverse the lower court’s dismissal of the harassment, retaliation, and discrimination claims. The Court of Appeals concluded that these claims were timely, because they were filed within three years of the date of Magee’s resignation.
DaimlerChrysler then sought leave to appeal to this Court. After hearing oral argument from both parties on the application, this Court has now determined that the Court of Appeals misapplied Collins and erroneously reinstated Magee’s Civil Rights Act claims.
ii
In the absence of disputed facts, whether a cause of action is barred by the applicable statute of limitations is a question of law, which this Court reviews de novo. Boyle v Gen Motors Corp, 468 Mich 226, 229-230; 661 NW2d 557 (2003). Likewise, this Court reviews de novo rulings on summary disposition motions. Neal v Wilkes, 470 Mich 661, 664; 685 NW2d 648 (2004).
hi
In Collins, supra at 633, this Court held that a cause of action for discriminatory termination does not accrue until the date of termination. The plaintiff employee, Gwendolyn Collins, was suspended pending an investí *112 gation; when the investigation was completed several weeks later, her employment was terminated. Within three years of her termination, Collins filed a complaint alleging that her termination was the result of race and gender discrimination. The Court of Appeals ruled that Collins’s suit was not timely under the three-year period of limitations because her causes of action accrued on the last day that she actually performed employment duties (as opposed to her later termination date). This Court disagreed with the Court of Appeals last-day-worked analysis and reversed, holding that a claim for discriminatory discharge cannot arise until a claimant has actually been discharged. Id.
Relying on Collins, the Court of Appeals in this case reasoned that Magee’s claim also accrued on her termination date as opposed to her last day of work. The Court acknowledged that Magee resigned, and was not terminated. But it found significant that “her last day of work was followed by a period in which she was on a medical leave of absence” and that she was employed by DaimlerChrysler while on leave. Accordingly, it concluded that her causes of action, if any, arose on February 2, 1999.
The Court of Appeals reliance on Collins to reinstate Magee’s claims of sexual harassment, sex and age discrimination, and retaliation is misplaced. Magee was never terminated from her employment and does not allege discriminatory termination. She bases her Civil Rights Act claims on alleged discriminatory conduct that occurred before her leave of absence. Indeed, when given a chance to amend her complaint to plead claims falling within the period of limitations, Magee was unable to do so. Collins, a discriminatory termination case, simply does not apply in this situation. *113 To determine whether Magee’s claims were timely filed, we look to MCL 600.5805(10), which establishes that the applicable period of limitations is three years from the date of injury. Because Magee alleged no discriminatory conduct occurring after September 12, 1998, the period of limitations on Magee’s claims expired, at the latest, three years from that date, or by September 12, 2001. Accordingly, as the trial court held, Magee’s February 1, 2002, complaint was not timely filed.
The dissent argues that the defendant violated the Civil Rights Act within the three years preceding the filing of plaintiffs claim by failing to “prevent future harassment.. ..” Post at 115. This interpretation of the Civil Rights Act amounts to a continuing violations doctrine in which an employer is continuously liable from the time it or its agent violates the act until the time that violation is remedied by the employer. Thus, in Justice CAVANAGH’s view, a plaintiff subjected to a hostile work environment on December 31, 2005, may file a timely complaint in December 2030 if the employer has failed to remedy the sexual harassment in the ensuing twenty-five years. This theory renders nugatory the period of limitations established by the Legislature in MCL 600.5805(10). It is therefore a theory we must reject.[3]
For these reasons, we reverse the relevant part of the judgment of the Court of Appeals and remand this case to the Macomb Circuit Court for reinstatement of the order granting DaimlerChrysler’s motion for summary disposition.
Taylor, C. J., and Corrigan, Young, and Markman, JJ., concurred.

 Unpublished memorandum opinion, issued March 2, 2004 (Docket No. 243847).

 Magee’s complaint also includes a separate count alleging constructive discharge. The trial court dismissed this count, and the Court of Appeals affirmed the trial court’s ruling. Magee did not appeal, and the dismissal of that claim is not before this Court.

 Wickens v Oakwood Healthcare Sys, 465 Mich 53, 60; 631 NW2d 686 (2001).