KELLY, J.
(dissenting). I respectfully disagree with the majority in this case. While the Court of Appeals and the trial court did err in relying on Collins v Comerica *46 Bank,[1] 2their reliance on Jacobson v Parda Fed Credit Union[2] was not misplaced. And, because I continue to believe that Magee v DaimlerChrysler Corp[3] was wrongly decided, I disagree with the majority’s decision to overrule Jacobson.
The Collins decision is inapposite to this case. The Court there held that a cause of action for discriminatory termination cannot arise until the employee is actually discharged. Virginia Joliet does not assert a claim of discriminatory discharge. Neither did the plaintiff in Magee.
Magee presented unique circumstances. There, the plaintiffs three medical leaves were directly related to the continual sexual harassment she experienced at work. The plaintiff did not return to the harassing work environment after her last medical leave because the defendant had taken no steps during her leave to stop the harassment. Magee should be limited to its unique facts.
Jacobson did involve allegations of constructive discharge. It raised claims under the Whistleblowers’ Protection Act (WPA),[4] not the Civil Rights Act (CRA).[5] The majority’s decision to overrule Jacobson in favor of Magee is gratuitous and unnecessary in the context of this case. Here, plaintiffs claims are brought under the CRA, not the WPA.
The WPA’s limitations provision was at issue in Jacobson. The provision requires that a civil action be brought “within 90 days after the occurrence of the *47 alleged violation of this act.” MCL 15.363(1). The Jacobson Court held that the limitations period began to run on the date of the plaintiffs constructive discharge. The dissent in Jacobson, now in the majority in this case, argued that the plaintiff did not file her complaint within 90 days of her employer’s retaliatory acts.
Insofar as Jacobson is inconsistent with the majority’s statute of limitations analysis in Magee, it is Magee that is wrongly decided. I would resolve the conflict in favor of Jacobson. Jacobson addressed the question of when a constructive discharge occurs in the context of the WPA, and cited as instructive Champion v Nation Wide Security, Inc, 450 Mich 702; 545 NW2d 596 (1996). In Champion, this Court addressed the question of constructive discharge in the context of a CRA claim, noting that constructive discharge occurs when employer conduct “ ‘is so severe that a reasonable person in the employee’s place would feel compelled to resign.’ ” Jacobson, supra at 326, quoting Champion, supra at 710. The date that constructive discharge occurs is not dependent on the timing of the employer’s actions. It is the point at which a reasonable employee would have felt compelled to resign.
I agree with the majority that plaintiffs claims against defendant Frank Bacha fail. Bacha engaged in no discriminatory conduct within the three-year limitations period, having left in September 1998. However, I disagree with the majority’s conclusion that defendant Gregory E. Pitoniak did not engage in specific acts of discriminatory conduct during the three years that preceded the filing of plaintiffs complaint.
According to plaintiff, “the Mayor [Pitoniak] kept promising and promising and promising to meet with *48 me, and he would not meet with me.” Plaintiffs September 3, 2002, deposition transcript, p 93.
I was even under a desk one day fixing Gail’s computer. Gail was one of the Mayor’s two executive secretaries at the time. The Mayor walked in, told Gail that he didn’t have much to do and he was going to relax this afternoon. I finished fixing the computer and stood up, and he’s, oh, he says, I didn’t know you were there. I’ve got a meeting to go to. Bye. And out he went.
Q. Okay. So your complaint is that after Mr. Bacha left the employment of the City that thereafter the way you contend the Mayor discriminated against you was by failing to meet with you?
A. [Yes.] And by not addressing the situation. [Id., pp 93-94]
Even if I agreed with the majority that the date of the adverse discriminatory act begins the running of the limitations period, I would still find plaintiffs complaint timely filed. I believe that defendant Pitoniak’s act of shunning plaintiff constituted a specific incident of discriminatory conduct that occurred on every day leading up to and including plaintiffs last day of work, November 30, 1998. Thus, plaintiffs November 30, 2001, complaint was timely filed.
I would deny leave to appeal and affirm Jacobson.
CAVANAGH, J., would deny leave to appeal.

 468 Mich 628; 664 NW2d 713 (2003).

 457 Mich 318; 577 NW2d 881 (1998).

 472 Mich 108; 693 NW2d 166 (2005).

 MCL 15.361 et seq.

 MCL 37.2101 et seq.