*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARGARITA AGUIRRE,

        Plaintiff/Counterdefendant-Appellant,

v

JASON MCPHERSON and ANDREA MCPHERSON,

        Defendants/Counterplaintiffs-Appellees.

UNPUBLISHED
May 4, 2023

No. 360866
Wayne Circuit Court
LC No. 20-008280-CZ

Before: GARRETT, P.J., and K. F. KELLY and HOOD, JJ.

PER CURIAM.

In this property dispute, plaintiff Margarita Aguirre brought claims for nuisance and trespass against her next-door neighbors, defendants Jason and Andrea McPherson. Plaintiff also sought an order quieting title to the disputed area between the parties' properties, and defendants brought a counterclaim to quiet title. The trial court ultimately granted defendants' motion for summary disposition and entered judgment in their favor on their quiet-title claim. We affirm but remand for clarification of the trial court's quiet-title judgment.

## I. BACKGROUND

Plaintiff and defendants are next-door neighbors in Allen Park, Michigan. This dispute centers on the boundary line between their properties, and whether a gate and post, and an attached chain link fence, encroach on plaintiff's property. Plaintiff bought her home in 1999, and her neighbors at the time were Joe and Donna Bartolotta. When plaintiff moved in, the Bartolottas had a brown wooden gate across their driveway. A chain link fence also separated the properties' backyards, and this fence remains in the same place today. Around 2005, the Bartolottas installed a new driveway. Defendants purchased the home from the Bartolottas in 2006. At some point, plaintiff installed paver stones alongside the new driveway and planted perennials alongside the house. Plaintiff claimed that the purpose of the stones was to act as a barrier to help drain water alongside the driveway. Plaintiff stated that the soil beneath the paver stones was very "depleted"

near the basement window that was closest to the fence post from defendants walking on it when exiting their cars.

Defendants installed a new gate and post across their driveway in the summer of 2015 after the existing post broke. Jason testified that he put the new post "in line with the rest of the existing fence posts on the chain link fence." He believed the chain link fence marked the property line; plaintiff always maintained her side of the fence, and defendants maintained their side of the fence. Plaintiff spoke with Jason in 2018 about the fence post, claiming that it encroached on her property. Plaintiff also testified that she started getting water in her basement in 2018 and saw water accumulating next to her home and defendants' driveway. Plaintiff claimed that a roofer, fencing company, gutter company, and waterproofing basement company all told her that the slope of defendants' driveway, the depletion of the area alongside plaintiff's home, and the post caused the water issues. Plaintiff obtained a survey in the fall of 2019 in order to get a permit to install a fence. Plaintiff's survey showed that the chain link fence and post encroached on plaintiff's recorded property line.

In July 2020, plaintiff filed suit against defendants for trespass and nuisance; plaintiff also sought to quiet title to the encroachments. Months later, defendants filed a countercomplaint, in which they requested an order quieting title to the disputed property in their name on the basis of adverse possession and acquiescence. In September 2021, defendants moved for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10). Defendants argued that plaintiff's claims for trespass and nuisance were time-barred by the applicable statute of limitations. In addition, defendants contended that plaintiff offered no evidence establishing a causal link between the installation of the replacement post in 2015 and water damage to plaintiff's basement. Finally, defendants posited that they had superior title to the disputed property. They argued that plaintiff's quiet-title claim was barred by the applicable 15-year limitations period because plaintiff and defendants acquiesced to the fence between the properties as the actual boundary line.

In response, plaintiff argued that her trespass and nuisance claims were timely. As to a causal link between the replacement of the post and water damage to plaintiff's basement, plaintiff argued that defendants' motion was premature because discovery was not complete and because plaintiff still had time to retain an expert. Plaintiff claimed that she was the rightful owner of the disputed property based on the survey, and she requested that the court order defendants to detach the post from her fence and remove it from her property. Finally, plaintiff argued that defendants failed to establish acquiescence because she never agreed to treat the chain link fence as the property line.

The trial court held that plaintiff's trespass claim, but not her nuisance claim, was barred by the three-year statute of limitations. The court still granted summary disposition on the nuisance claim, concluding that plaintiff failed to present evidence to support her assertion "that a fence post installed in 2015 to replace a damaged fence post caused water to intrude into her basement in 2018." The court rejected plaintiff's argument that she could obtain evidence from an expert to support her claim before trial. The court noted that discovery had closed and that, as the party opposing a motion for summary disposition under MCR 2.116(C)(10), plaintiff was required to set forth specific facts identifying a genuine issue for trial. Finally, the trial court granted defendants'

request to quiet title under the doctrine of acquiescence because the fence and post had been in place for more than 15 years since plaintiff bought the property.

Plaintiff unsuccessfully moved for reconsideration. The trial court issued a final order granting defendants' motion for summary disposition and entering judgment on defendants' counterclaim to quiet title. Plaintiff now appeals as of right.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition, and its ruling on equitable actions to quiet title. *Houston v Mint Group, LLC*, 335 Mich App 545, 557; 968 NW2d 9 (2021). De novo review means that we review the legal issue independently, giving "respectful consideration, but no deference" to the trial court's conclusion. *Wasik v Auto Club Ins Assoc*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 355848); slip op at 2.

The trial court granted defendants' motion for summary disposition on plaintiff's trespass and nuisance claims under MCR 2.116(C)(7) and (C)(10). Summary disposition is warranted under MCR 2.116(C)(7) when a claim is barred by the applicable statute of limitations. *Kincaid v Cardwell*, 300 Mich App 513, 522; 834 NW2d 122 (2013). A party moving for summary disposition under MCR 2.116(C)(7) may support its motion with documentary evidence, and "[t]he reviewing court must view the pleadings and supporting evidence in the light most favorable to the nonmoving party" to determine whether the claim is barred under the statute of limitations. *Id*. "In the absence of disputed facts, whether a cause of action is barred by the applicable statute of limitations is a question of law, which this Court reviews de novo." *Magee v DaimlerChrysler Corp*, 472 Mich 108, 111; 693 NW2d 166 (2005). But summary disposition is inappropriate if a factual dispute exists concerning the applicability of the limitations period. See *Kincaid*, 300 Mich App at 523.

Under MCR 2.116(C)(10), a trial court may only grant summary disposition if, considering all evidence submitted by the parties in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Houston*, 335 Mich App at 557. The moving party bears the initial burden of production, which may be satisfied by establishing that "the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Quinto v Cross & Peters Co*, 451 Mich 358, 361-362; 547 NW2d 314 (1996) (quotation marks and citation omitted). Once met, "[t]he burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Id*. at 362. The nonmoving party must "set forth specific facts showing that there is a genuine issue for trial" and "may not rest upon the mere allegations or denials of his or her pleading." MCR 2.116(G)(4). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

## III. TRESPASS AND NUISANCE CLAIMS

Plaintiff argues that her trespass and nuisance claims were not barred by the statute of limitations and that summary disposition on her nuisance claim was premature.

Before turning to the merits of plaintiff's arguments, we must first address whether plaintiff's claims of error are properly before this Court. In the trial court, plaintiff opposed defendants' motion for summary disposition on plaintiff's trespass and nuisance claims. Following the trial court's oral ruling, which included dismissal of the trespass and nuisance claims, plaintiff moved for reconsideration. But plaintiff did not seek reconsideration of the dismissal of her trespass and nuisance claims. Rather, plaintiff wrote:

> Defendants argue[d] that Plaintiff's claims for trespass and nuisance were (1) filed untimely as the alleged trespass occurred in 2015; and (2) that Plaintiff's claim for nuisance was merely speculative. This Court ruled in favor of Defendants and *Plaintiff concedes to the same*. [Emphasis added.]

In our view, plaintiff waived any argument that the trial court erred by granting defendants' motion for summary disposition on her claims of trespass and nuisance. "'Waiver' is an intentional and voluntary relinquishment of a known right." *Walters v Nadell*, 481 Mich 377, 384 n 14; 751 NW2d 431 (2008). "A party cannot stipulate with regard to a matter and then argue on appeal that the resulting action was erroneous." *Hodge v Parks*, 303 Mich App 552, 556; 844 NW2d 189 (2014). In sum, "[a] party who waives a right is precluded from seeking appellate review based on a denial of that right because waiver eliminates any error." *Cadle Co v Kentwood*, 285 Mich App 240, 255; 776 NW2d 145 (2009). By conceding to the trial court's ruling to dismiss plaintiff's trespass and nuisance claims, plaintiff waived appellate review of any claim of error. Certainly, plaintiff was not required to move for reconsideration. But in doing so, plaintiff affirmatively represented that the trial court correctly dismissed her claims of trespass and nuisance. This representation constituted an "intentional and voluntary relinquishment of a known right." *Walters*, 481 Mich at 384 n 14. Therefore, plaintiff's arguments about her trespass and nuisance claims are waived, so there is no error for this Court to review. See *Cadle Co*, 285 Mich App at 255.

Even considering the merits, plaintiff's trespass and nuisance arguments fail. The trial court properly granted summary disposition on plaintiff's trespass claim under MCR 2.116(C)(7) because it was barred by the applicable three-year statute of limitations under MCL 600.5805(2).[1] The trespass claim accrued "at the time the wrong upon which the claim is based was done regardless of the time when damage results." MCL 600.5827. See also *Bauserman v Unemployment Ins Agency,* 503 Mich 169, 183; 931 NW2d 539 (2019) ("[T]he date of the 'wrong' referred to in MCL 600.5827 is the date on which the defendant's breach harmed the plaintiff, as opposed to the date on which defendant breached his duty."). A trespass claim alleges "an invasion of the plaintiff's interest in the exclusive possession of his land." *Wolfenbarger v Wright*, 336 Mich App 1, 15; 969 NW2d 518 (quotation marks and citation omitted). In her complaint, plaintiff alleged that defendants' installation of the post constituted a trespass on her property. Thus, for the trespass claim, "the wrong upon which the claim is based was done" in 2015 when defendants

---

[1] MCL 600.5805(2) provides in relevant part that "the period of limitations is 3 years after the time of the death or injury for all actions to recover damages for the death of a person or for injury to a person or property."

installed the replacement post. MCL 600.5827. Because plaintiff's trespass claim accrued in 2015, her trespass claim filed in July 2020 was barred by the three-year statute of limitations.[2]

The trial court also properly granted summary disposition under MCR 2.116(C)(10) on plaintiff's nuisance claim because plaintiff failed to establish any genuine issue of material fact about whether defendants' installation of the post caused the water damage in her basement. Plaintiff's nuisance claim is one for a private nuisance— "a nontrespassory invasion of another's interest in the private use and enjoyment of land" that requires showing that the defendant was "the legal cause of the invasion." *Wolfenbarger*, 336 Mich App at 17 (quotation marks and citations omitted). Plaintiff essentially concedes that she did not create a factual dispute on causation but contends that summary disposition was premature because she could not complete discovery and because she named experts in her witness list that were expected to testify at trial about causation. This Court has explained:

> Generally, summary disposition under MCR 2.116(C)(10) is premature if it is granted before discovery on a disputed issue is complete. However, the mere fact that the discovery period remains open does not automatically mean that the trial court's decision to grant summary disposition was untimely or otherwise inappropriate. The question is whether further discovery stands a fair chance of uncovering factual support for the opposing party's position. In addition, a party opposing summary disposition cannot simply state that summary disposition is premature without identifying a disputed issue and supporting that issue with independent evidence. [*Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234 (2009) (citations omitted).]

First, plaintiff offers no evidence that discovery was even open when defendants moved for summary disposition. In fact, all available evidence, including the trial court's scheduling orders, indicates that discovery had concluded. Second, even assuming discovery was ongoing, plaintiff has not shown that "further discovery stands a fair chance of uncovering factual support" for her claims of causation. *Id*. at 292. "[A] promise to offer factual support for a claim at trial" is insufficient to establish a genuine issue of material fact precluding summary disposition under MCR 2.116(C)(10). *Hall v Consol Rail Corp*, 462 Mich 179, 187; 612 NW2d 112 (2000). Thus, plaintiff's unsupported assertions that she will present expert testimony on causation at trial is insufficient to survive summary disposition. Needless to say, naming an expert on a witness list

---

[2] The trial court correctly determined that the same statute of limitations did not bar plaintiff's nuisance claim. The actionable harm connected to plaintiff's nuisance claim was her assertion of water damage in her basement allegedly caused by defendants' placement of the post. Thus, for this claim, the alleged "wrong" was complete for purposes of accrual when the water damage occurred, not when defendants acted by installing the replacement post. See *Bauserman*, 503 Mich at 183. Plaintiff testified that she suffered water damage in the basement in 2018, meaning her July 2020 nuisance claim was filed within the three-year limitations period.

does not establish a genuine issue of material fact on a disputed issue.[3]  Accordingly, the trial court did not err by granting summary disposition for defendants under MCR 2.116(C)(10) on plaintiff's nuisance claim.

## IV.  QUIET-TITLE CLAIMS

Plaintiff also argues that defendants failed to meet their burden to establish that they acquired title to the disputed property by acquiescence for the statutory period.  Instead, plaintiff contends that this Court should quiet title in her favor because the survey shows that plaintiff holds legal title to the property at issue.

"Under Michigan law, parties may acquiesce to a new property boundary line" that is distinct from the recorded property line.  *Houston*, 335 Mich App at 567. As this Court has explained:

> The law of acquiescence is concerned with a specific application of the statute of limitations to cases of adjoining property owners who are mistaken about where the line between their property is.  Adjoining property owners may treat a boundary line, typically a fence, as the property line.  If the boundary line is not the recorded property line, this results in one property owner possessing what is actually the other property owner's land.  Regardless of the innocent nature of this mistake, the property owner whose land is being possessed by another would have a cause of action against the other property owner to recover possession of the land.  After fifteen years, the period for bringing an action would expire.[4]  The result is that the property owner of record would no longer be able to enforce his title, and the other property owner would have title by virtue of his possession of the land.  [*Kipka v Fountain*, 198 Mich App 435, 438-439; 499 NW2d 363 (1993).]

Acquiescence for a statutory period is therefore met "when a preponderance of the evidence establishes that the parties treated a particular boundary line as the property line" for the 15-year statutory period.  *Houston*, 335 Mich App at 567-568 (quotation marks and citation omitted).  "The acquiescence of predecessors in title can be tacked onto that of the parties in order to establish the mandated period of fifteen years."  *Killips v Mannisto*, 244 Mich App 256, 260; 624 NW2d 224 (2001). Consistent with those principles, "[o]ur Supreme Court has repeatedly held that a boundary line long acquiesced in and treated as the true line should not be disturbed on the basis of new surveys."  *Houston*, 335 Mich App at 568.

---

[3] The witness list included Matt Wojtowski from Basement Water of Michigan, who prepared a waterproofing proposal for plaintiff in December 2019.  This proposal makes no mention of potential causes of the water damage in plaintiff's basement.

[4] Generally, the statute of limitations for an action for the recovery or possession of land is 15 years after the cause of action first accrues.  MCL 600.5801(4).

We begin with the chain link fence. The fence does not run along the entire property line but only towards the parties' backyards. On the portion of the property where the fence does run, defendants established that the parties treated the fence as the boundary between plaintiff's and defendants' property for at least 15 years. The chain link fence existed when plaintiff bought her home in 1999, it has remained there ever since, and plaintiff and defendants each maintained their property on each side of the fence. Because the parties treated the fence line as a property line for more than 15 years, defendants established acquiescence to the fence as a boundary.[5]

Next, the evidence established that the post has been connected to the chain link fence for more than 15 years, and that plaintiff acquiesced to any property rights over the land on which the post sits. The Bartolottas installed a wooden gate and post across their driveway in 1993. Plaintiff testified that she never discussed the gate and post with the Bartolottas. Nor was there any evidence that plaintiff ever objected to the placement of the wooden gate and post or treated the property on which they sat as her own. There is no genuine issue of material fact that this wooden post was in place from 1993 until 2015. Thus, the evidence supports that plaintiff had acquiesced to the property on which the post sat by 2008, 15 years after its installation.

Further, uncontradicted evidence shows that the original wooden post was attached to the chain link fence separating the backyards. The 1993 fencing proposal obtained by the Bartolottas indicates that the chain link fence post would be attached to the wooden gate post. Jason testified that he installed the new post "in line with the rest of the existing fence posts on the chain link fence." And the photograph evidence leaves no doubt that the new post is also attached to the chain link fence. In sum, the chain link fence has not been moved for over 15 years, the old gate post was attached to the chain link fence for over 15 years, and the new gate post is attached to the same chain link fence. Thus, the evidence establishes that the parties treated the chain link fence, and the post attached to the fence, as boundary lines between the properties for over 15 years. See *Kipka*, 198 Mich App at 438-439. As a result, plaintiff can no longer enforce her title over any portions of the fence or post that encroach over the recorded property line. See *id*. at 439. The trial court did not err by concluding that defendants had established acquiescence for the statutory period over the post and by quieting title over that property in defendants' favor.[6]

In its final order and judgment, the trial court wrote that it was quieting title in defendants' favor "to the disputed property adjacent to their driveway including the gate and fence post." To

---

[5] We express no opinion on whether the fence line—were it extended along the entire span of the properties—marks the boundary line on that portion of the properties where the fence currently does not run.

[6] There was some evidence presented below that the new gate post was moved a few inches closer to plaintiff's house than the old gate post, despite the new post also being connected to the chain link fence. But plaintiff has not argued that defendants failed to establish acquiescence because the new post changed location ever so slightly. "Trial courts are not the research assistants of the litigants," *Walters*, 481 Mich at 388, and nor is this Court. Therefore, we decline to address whether this evidence creates a material factual dispute that entitles plaintiff to relief. The evidence raised, cited, and argued by the parties shows that the post remains attached to the chain link fence, just as the old wooden gate post was beginning in 1993.

-7-

the extent the trial court's order pertains to the gate and fence post, we affirm for the reasons previously discussed. But the order's reference to disputed property next to the driveway "including the gate and fence post" suggests a broader ruling. Therefore, while we affirm, we also remand for clarification to ensure the trial court's judgment is consistent with our opinion.

Affirmed, but remanded for further proceedings consistent with this opinion. We retain jurisdiction.

/s/ Kristina Robinson Garrett
/s/ Kirsten Frank Kelly
/s/ Noah P. Hood

# Court of Appeals, State of Michigan

## ORDER

Margarita Aguirre v Jason McPherson

Docket No.     360866

LC No.          20-008280-CZ

Kristina Robinson Garrett
Presiding Judge

Kirsten Frank Kelly

Noah P. Hood
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 56 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, the trial court shall clarify the scope of its quiet-title judgment. The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

May 4, 2023
Date

Chief Clerk