*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DANIELLE ASPLUND, Personal Representative of the ESTATE OF DAVID THOMAS,

      Plaintiff-Appellee,

v

MATTHEW SHARPE, M.A.T.S, M.A.C., MARGARET LOWE, PSY.D., and HARBOR PSYCHOLOGICAL ASSOCIATES, PC,

      Defendants,

and

THOMAS GRAFF, D.O., and MERCY HEALTH PHYSICIAN PARTNERS,

      Defendants-Appellants.

UNPUBLISHED
March 03, 2025
10:25 AM

No. 361387
Muskegon Circuit Court
LC No. 2021-005408-NH

DANIELLE ASPLUND, Personal Representative of the ESTATE OF DAVID THOMAS,

      Plaintiff-Appellee,

v

MATTHEW SHARPE, M.A.T.S, M.A.C., THOMAS GRAFF, D.O., and MERCY HEALTH PHYSICIAN PARTNERS,

      Defendants,

and

No. 361395
Muskegon Circuit Court
LC No. 2021-005408-NH

-1-

MARGARET LOWE, PSY.D., and HARBOR
PSYCHOLOGICAL ASSOCIATES, PC,

        Defendants-Appellants.

_____

DANIELLE ASPLUND, Personal Representative of
the ESTATE OF DAVID THOMAS,

        Plaintiff-Appellee,

v

MATTHEW SHARPE, M.A.T.S, M.A.C.,

        Defendant-Appellant,
and

MARGARET LOWE, PSY.D., HARBOR
PSYCHOLOGICAL ASSOCIATES, PC, THOMAS
GRAFF, D.O., and MERCY HEALTH PHYSICIAN
PARTNERS,

        Defendants.

_____

No. 361400
Muskegon Circuit Court
LC No. 2021-005408-NH

Before: LETICA, P.J., and BORRELLO and RICK, JJ.

PER CURIAM.

In these consolidated appeals, defendants[1] appeal by leave granted[2] the trial court's order denying defendants' motions for summary disposition under MCR 2.116(C)(7) that were premised on the application of the statute of limitations in this medical malpractice action. For the reasons set forth in this opinion, we affirm.

This case arises out of the suicide death of David Thomas on April 29, 2019. His daughter, Danielle Asplund, brought this medical malpractice action as personal representative for the estate and generally alleged that defendants were professionally negligent in treating Thomas's mental health issues during the time leading up to his death. Asplund served the notice of intent (NOI)

_____

[1] Because these appeals have been consolidated and all defendants are also appellants, we will simply refer to defendants collectively.

[2] See *Estate of David Thomas v Matthew Sharpe, MATS, MAC*, unpublished order of the Court of Appeals, entered October 21, 2022 (Docket No. 361387).

on June 11, 2021, and she filed the complaint in this action on December 13, 2021. Defendants moved for summary disposition under MCR 2.116(C)(7), claiming that the action was untimely and barred by the statute of limitations. The trial court denied defendants' motions and concluded that both the NOI and complaint were timely pursuant to the operation of the statute of limitations. Michigan Supreme Court's Administrative Order No. 2020-3, 505 Mich cxxvii (2020) (AO 2020-3),[3] and Administrative Order No. 2020-18, 505 Mich clviii (2020) (AO 2020-18), which were entered during the COVID-19 pandemic.

After this Court granted defendants' applications for leave to appeal and consolidated their appeals, we held this matter in abeyance "pending the decision of our Supreme Court in the case of *Carter v DTN Management Co*, 511 Mich 1025; 991 NW2d 586 (2023)."[4] Now that our Supreme Court has issued its opinion in *Carter*, we may resolve the present matter.

We review de novo a trial court's decision on whether to grant a motion for summary disposition. *Ass'n of Home Help Care Agencies v Dep't of Health & Human Servs*, 334 Mich App 674, 684; 965 NW2d 707 (2020). Summary disposition may be granted under MCR 2.116(C)(7) if an action is barred by the statute of limitations. MCR 2.116(C)(7). When considering a motion under MCR 2.116(C)(7), the "contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "In the absence of disputed facts, whether a cause of action is barred by the applicable statute of limitations is a question of law, which this Court reviews de novo." *Magee v DaimlerChrysler Corp*, 472 Mich 108, 111; 693 NW2d 166 (2005).

In the present case, defendants argue that the Supreme Court lacked the authority to issue Administrative Order No. 2020-3, 505 Mich cxxvii (2020) (AO 2020-3) and Administrative Order No. 2020-18, 505 Mich clviii (2020) (AO 2020-18), and that, if the Supreme Court had the authority, the tolling orders only applied to deadlines that expired during the period of the state of emergency.

In *Carter v DTN Mgt Co*, ___ Mich ___, ___ & n 15; ___ NW3d ___ (2024) (Docket No. 165425); slip op at 21 & n 15, our Supreme Court held that AO 2020-3 and AO 2020-18 were valid exercises of the Court's constitutional authority. The Supreme Court further held that pursuant to these orders, the "days from March 10, 2020, through June 19, 2020, were 'not included for purposes of MCR 1.108(1).' " *Carter*, ___ Mich at ___; slip op at 24, quoting AO 2020-3. "On June 20, 2020, 'the computation of time for [the plaintiff's] filing[] . . . resume[d],' giving her 'the same number of days to submit [her] filing[] on June 20, 2020, as [she] had when the exclusion went into effect on March 23, 2020.' " *Carter*, ___ Mich at ___; slip op at 24, quoting AO 2020-18 (ellipsis and second through sixth alterations in original).

---

[3] "On May 1, 2020, AO 2020-3 was amended . . . to clarify its language." *Carter v DTN Mgt Co*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 165425); slip op at 5, citing Administrative Order No. 2020-3, 505 Mich cxliv (2020).

[4] See *Estate of David Thomas v Matthew Sharpe, MATS, MAC*, unpublished order of the Court of Appeals, entered November 13, 2023 (Docket Nos. 361387, 361395, and 361400).

Therefore, pursuant to *Carter*, defendants' arguments must be rejected.  Defendants have not demonstrated that the trial court erred by denying their motions for summary disposition.  To the extent the trial court's reasoning may have differed somewhat, this Court may affirm a summary disposition decision by the trial court when it reaches the correct result even if our reasoning differs.  *Kyocera Corp v Hemlock Semiconductor, LLC*, 313 Mich App 437, 449; 886 NW2d 445 (2015).

Affirmed.


/s/ Anica Letica
/s/ Stephen L. Borrello
/s/ Michelle M. Rick